**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ROBERT P. KEMPSKI,        :
                       :     CA No.
       Plaintiff,       :
                       :
    v.                   :
                       :
TOLL BROS., INC., a corporation of    :
the Commonwealth of Pennsylvania,    :
                       :
       Defendant.      :

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Toll Bros., Inc., a Pennsylvania

Corporation, removes this action from the Superior Court of New Castle County, Delaware, to this

Court. This Notice of Removal is filed within thirty days of Defendant becoming a party to the

action, and is thus timely under 28 U.S.C. § 1446(b). The grounds for removal are:

1.      Plaintiff Robert Kempski, a Delaware citizen, commenced this action by filing a

complaint in the Superior Court of New Castle County, Delaware, on or about January 16, 2006.

The action is now pending in that court, Civil Action No. 06C-01-145-JEB.

2.      Plaintiff's first two complaints did not name this Defendant. Instead, the first two

complaints named different Delaware companies no longer parties to the action.

3.      On April 10, 2006 Plaintiff amended his Complaint ("Third Complaint") to name

Toll Bros., Inc., a Pennsylvania Corporation, as the only defendant. Toll Bros., Inc. has its principal

place of business in Horsham, Pennsylvania.

4.      Defendant was served the Third Complaint on April 11, 2006.

5.     This is a negligence and premises liability case.  Briefly, the Third Complaint alleges that Defendant, the general contractor on a construction site, is liable for injuries that Plaintiff, an employee of a subcontractor, sustained in a fall.

6.     The Third Complaint prays for damages in excess of $100,000.

7.     Because there is complete diversity of citizenship between Plaintiff, a Delaware citizen, and Defendant, a Pennsylvania citizen, and because the amount in controversy exclusive of costs and interest exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

8.     In accordance with 28 U.S.C. § 1446(b), a copy of all process, pleadings and orders served upon Defendant is attached as Exhibit A.

9.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be given to counsel for Plaintiff and a copy of the Notice of Removal will be filed with the Prothonotary of the Superior Court of New Castle County, Delaware.

WHEREFORE, Defendant Toll Bros., Inc. respectfully requests pursuant to 28 U.S.C. §1441 that this case be removed from the Superior Court of Delaware to this Court, and proceed in this Court as an action properly removed.

McCARTER & ENGLISH, LLP


BY:     _____/s/ Michael P. Kelly_____
        Michael P. Kelly, I.D. 2295
        Andrew S. Dupre, I.D. 4621
        919 N. Market Street
        Suite 1800
        Wilmington, DE  19899
        (302) 984-6300
        Attorneys for Defendant

DATED:  April 18, 2006

ME1\5599667.1

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert P. Kempski

**(b)** County of Residence of First Listed Plaintiff   New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Joseph J. Rhoades
1225 King St. Wilmington, DE

## DEFENDANTS

Toll Bros., Inc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)  Michael P. Kelly
919 N. Market St., 18th Fl., Wilm DE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1332

Brief description of cause:
Negligence and premises liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE   DOCKET NUMBER

DATE   4/18/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  **N**  K  S          CIVIL ACTION NUMBER: _____06C-01-145-JEB_____

CIVIL CASE CODE: *CPIN* _____          CIVIL CASE TYPE: *Personal Injury* _____
                                         <small>(SEE REVERSE SIDE FOR CODE AND TYPE)</small>

| CAPTION:<br><br>ROBERT P. KEMPSKI,<br><br>      Plaintiff,<br><br>   v.<br><br>TOLL BROS., INC., <u>a corporation</u><br><u>of the Commonwealth of Pennsylvania,</u><br><br>     Defendant. | NAME AND STATUS OF PARTY FILING DOCUMENT:<br>***See Caption, Plaintiff*** _____<br><br>DOCUMENT TYPE: <small>(E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)</small><br>***Amended Complaint*** _____<br><br>Non-Arbitration_X__                    Efile_X___<br><br>     <small>(CERTIFICATE OF VALUE MAY BE REQUIRED)</small><br><br>Arbitration____    Mediation____    Neutral Assessment___<br><br>Defendant (Check One) Accept___    Reject ___<br><br>JURY DEMAND__**X**_YES ____NO<br><br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE)<br>EXPEDITED    **STANDARD**    COMPLEX |
| ATTORNEY NAME(S):<br>*Joseph J Rhoades, and A. Dale Bowers*<br><br>FIRM NAME:<br>*Law Offices of Joseph J Rhoades*<br><br>ADDRESS:<br>*Law Offices of Joseph J Rhoades*<br><br>*1225 King Street, Suite 1200*<br><br>*Wilmington, Delaware 19801*<br><br>TELEPHONE NUMBER: *302-427-9500*<br><br>FAX NUMBER: *302-427-9509*<br><br>E-MAIL ADDRESS: | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>_____<br>_____<br>_____<br>_____<br><br>EXPLAIN THE RELATIONSHIP(S): _____<br>_____<br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br>_____<br>_____<br><small>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES)</small> |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06C-01-145-JEB |
| | : | |
| v. | : | NON-ARBITRATION CASE |
| | : | |
| TOLL BROS., INC., a corporation | : | JURY TRIAL DEMANDED |
| of the Commonwealth of Pennsylvania, | : | |
| | : | |
| Defendant. | : | |

## AMENDED COMPLAINT

1.    Plaintiff is a resident of the State of Delaware, residing at 818 Woodlawn Avenue, Apartment C3, Wilmington, Delaware 19806.

2.    Defendant is a corporation of the Commonwealth of Pennsylvania. Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.    Upon information and belief, at all times pertinent hereto, defendant was the owners, possessors, operators, franchisors, franchisees, lessors and/or lessees of the property located at Brandywine Hunt, Naamans Road, Wilmington, Delaware.

4.    On or about August 25, 2005, at approximately 12:00 p.m., plaintiff Robert P. Kempski was lawfully working as a heating and air conditioning installer for Delaware Heating and Air Conditioning within a stick structure of a new home located at Lot 87 of the Brandywine Hundred home construction site where defendant was performing construction activities. At all times pertinent hereto, plaintiff was an employee, worker, invitee, business visitor and/or person lawfully on the premises and was otherwise lawfully on the aforementioned premises. Plaintiff

was installing duct work in the attic of the home when suddenly and without warning, the floor board on which he was standing gave way, causing him to fall from the attic to the first floor level of the home.

     5.    As a direct and proximate result of the aforementioned incident, plaintiff suffered severe bodily injuries, including, but not limited to, injuries to his head, shoulders, arms, and hands. Some or all of his injuries have continued since the accident and are permanent in nature.

     6.    As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future, medical and medication expenses for the treatment of his injuries.

     7.    As a further consequence of his injuries, plaintiff has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

     8.    As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future a loss of earnings and a permanent loss of earning capacity.

     9.    Defendant, working on and in control of the premises and area in question, owed a duty to the employees, workers, invitees, business visitors and/or persons lawfully on the premises, including plaintiff, to maintain the property in a reasonable and safe condition, free of defects and hazards which would render it unsafe for persons lawfully on the premises. Defendant breached that duty.

     10.    The incident and the plaintiff's resulting injuries and damages were proximately caused by the negligence of defendant in that it, through their agents, servants and/or employees:

(a)      failed to properly inspect the construction area to insure that it was safe to work in when it knew or in the exercise of reasonable care should have known that plaintiff and other workers like him intended to work in the area in question;

(b)      failed to properly secure the floor board or see that it was secured when they knew or should have known that the plaintiff and other workers like him intended to work in the area in question;

(c)      failed to employ appropriate safety techniques in setting up the work and allowing it to take place in the construction area when they knew or should have known that plaintiff and other workers like him intended to work in the area in question;

(d)      required and/or permitted its employees, agents, contractors, and/or subcontractors to work in improper, unsafe, and dangerous construction conditions when defendants knew or should have known of the likelihood that employees, workers, invitees, business visitors and/or persons lawfully on the premises would be injured by the condition of the area in question and when defendant had a right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(e)      required and/or permitted its employees, agents, contractors and/or subcontractors to fail to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(f)      did not observe the failure of its employees, agents, contractors, and/or subcontractors to use proper and safe materials when defendant knew, or in the exercise of reasonable care, should have discovered and should have realized that the condition of the area in question involved an unreasonable risk of harm to the persons lawfully on the premises and should

have expected that these individuals would not discover or realize the danger or would fail to protect themselves against the danger when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(g)      did not observe the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(h)      did not prevent the failure of its employees, agents, contractors and/or subcontractors from working in improper, unsafe, and dangerous construction conditions when defendants had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(i)      did not prevent the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had a right to control the actions of their employees, agents, contractors and/or subcontractors;

(j)      permitted improperly attached floor boards to remain in the home construction site on Lot 87 of Brandywine Hunt thereby creating a dangerous, defective and hazardous condition;

(k)      failed to properly and adequately notify its employees, agents, contractors and/or subcontractors that the floor boards had not been properly and adequately installed in the construction area in question;

(l)      failed to adequately warn or otherwise inform its employees, agents, contractors and/or subcontractors that the improperly installed floor boards posed a dangerous and unsafe condition, having actual or constructive knowledge thereof;

(m)     failed to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the area in question;

(n)     carelessly performed its contractual duties by causing the improper installation of the floor boards of the Lot 87 home construction project, thereby causing a dangerous, defective, and hazardous condition within the home;

(o)     failed to properly train, supervise or hire sufficient personnel to properly inspect, maintain, construct, and/or alter, the assembly of floor boards and/or other equipment in the area in question so as to maintain the work area in a condition free of defects and reasonably safe for use by individuals, such as plaintiff;

(p)     utilized improper materials and equipment during the assembly, construction, and/or installation of floor boards and/or other equipment so as to cause or increase the risk that it would be unstable and/or break; and,

(q)     failed to use due care to provide plaintiff with a safe working environment.

11.    Defendant knew or should have known at the time of the aforementioned incident that the work which was to be done and/or performed normally and inherently involved special dangers to others including the employees of Delaware Heating and Air Conditioning one of whom was plaintiff, unless reasonable precautions were taken against such dangers. Defendant was negligent in failing to take such reasonable precautions. Its negligence was the proximate cause of plaintiff's injuries and damages

12.    The aforementioned negligence of the defendant also constituted negligence per se, said negligence constituting non-compliance on the part of the defendant with pertinent safety and construction statutes, regulations and procedures.

13.    Defendant is also responsible for plaintiff's damages under the doctrine of <u>Res Ipsa Loquitur</u>.

WHEREFORE, plaintiff demands judgment against defendant for his special and general damages, including pain and suffering, the costs of this action plus pre and post judgment interest and other such relief as the Court finds just.

<div style="margin-left:40%;">

_____/s/ Joseph J. Rhoades_____
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King Street, 12 Flr.
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

</div>

DATE: April 10, 2006

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06C-01-145-JEB |
| | : | |
| v. | : | NON-ARBITRATION CASE |
| | : | |
| TOLL BROS., INC., a corporation | : | JURY TRIAL DEMANDED |
| of the Commonwealth of Pennsylvania, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF VALUE

We, Joseph J. Rhoades and A. Dale Bowers, attorneys for plaintiff(s), hereby certify in good

faith at this time in our opinion that the sum of damages of plaintiff(s) is in excess of $100,000.00

exclusive of costs and interest.

      /s/ Joseph J. Rhoades
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King Street, 12 Flr.
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: April 10, 2006

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

ROBERT P. KEMPSKI,    :
            :
    Plaintiff,    :  C.A. No. 06C-01-145-JEB
            :
    v.       :  <u>NON-ARBITRATION CASE</u>
            :
TOLL BROS., INC., <u>a corporation</u> :  <u>JURY TRIAL DEMANDED</u>
<u>of the Commonwealth of Pennsylvania,</u> :
            :
    Defendant.   :

**AFFIDAVIT OF COUNSEL PURSUANT
TO RULE 3(h) (i) (ii) and (iii)**

STATE OF DELAWARE :
         : SS.
NEW CASTLE COUNTY :

  JOSEPH J. RHOADES, being duly sworn, this 10th day of April, 2006, does depose and say that:

  1. The Law Offices of Joseph J. Rhoades represents the plaintiff in the above-referenced action.

  2. To the extent that plaintiff seeks to recover for past medical and related expenses, copies of bills which are presently in the possession of plaintiff and/or his attorney will be made available to the defendant in this action when an appearance is entered.

  3. To the extent that plaintiff's complaint seeks to recover for lost wages, and to the extent they exist and are available to plaintiff or plaintiff's attorney, photocopies of the plaintiff's tax

returns for the past three (3) years will be provided forthwith when an appearance is entered.

_____/s/ Joseph J. Rhoades_____
Joseph J. Rhoades

SWORN TO AND SUBSCRIBED before me the day and year above written.

_____/s/ Carol McCool_____
Notary Public
My Commission Expires:  5/18/06_____

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06C-01-145-JEB |
| | : | |
| v. | : | <u>NON-ARBITRATION CASE</u> |
| | : | |
| TOLL BROS., INC., <u>a corporation</u> | : | <u>JURY TRIAL DEMANDED</u> |
| <u>of the Commonwealth of Pennsylvania,</u> | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S ANSWERS TO FORM 30
## INTERROGATORIES UNDER RULE 3(h)

      1.     Give the name and present or last known residential and employment address and

telephone number of each eyewitness to the incident which is the subject of the litigation.

      **Answer:**     **Plaintiff; Jeff Harris (employee of Delaware Heating and Air); Dane Herman (employee of Delaware Heating and Air); Adam Abrams (employee of Delaware Heating and Air); Chris Johnson (employee of Delaware Heating and Air); and an unknown female working for Delaware Heating and Air may have witnessed the accident.**

      2.     Give the name and present or last known residential and employment address and

telephone number of each person who has knowledge of the facts relating to the litigation.

      **Answer:**     **Plaintiff's family, friends, attorneys, physicians and representatives of Penn National Insurance Company have knowledge by history. Plaintiff anticipates calling the following witnesses as lifestyle witnesses: Anita Kempski (mother) and Paul Kempski (father).**

      3.     Give the names of all persons who have been interviewed in connection with the

above litigation, including the names and present or last known residential and employment

addresses and telephone numbers of the persons who made said interviews and the names and

present or last known residential and employment addresses and telephone numbers of persons

who have the original and copies of the interview.

**Answer:**    **Plaintiff was interviewed by an investigator from OSHA, Gilbert Guthrie on September 9, 2005.**

4.    Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached.)

**Answer:**    **Plaintiff is in possession of several photographs of Lot 87 and the structure thereon.**

5.    Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

**Answer:**    **Objection, beyond the scope of Rule 26.    Without waiving the objection, plaintiffs expect to retain the appropriate medical, liability, vocational, and economic experts, if necessary.**

6.    Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

      (a)    The name and address of all companies insuring the risk;

      (b)    The policy number(s);

      (c)    The type of insurance;

      (d)    The amounts of primary, secondary and excess coverage.

**Answer:**
    **(a) Penn National Insurance Company, P.O. Box 3880, Harrisburg, PA;**

    **(b) 02727995;**

    **(c) Workers Compensation insurance;**

    **(d) Not applicable.**

7.    Please state the name, professional address, and telephone number of all physicians, chiropractors, psychologists and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of this incident.

**Answer:**    **Robert Altschuler, M.D.**
**1806 North Van Buren St.**
**Wilmington, DE  19802**
**302-652-3771**

_____/s/ Joseph J. Rhoades_____
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King St., 12th Flr.
Wilmington, DE  19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: April 10, 2006

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06C-01-145-JEB |
| | : | |
| v. | : | NON-ARBITRATION CASE |
| | : | |
| TOLL BROS., INC., a corporation | : | JURY TRIAL DEMANDED |
| of the Commonwealth of Pennsylvania, | : | |
| | : | |
| Defendant. | : | |

## FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Definitions

      As Used in these Interrogatories with regard to a person, corporation or other such entity, the word "identify" means state the name, present or last known home address and telephone number and present or last known business address and telephone number of the person, corporation or entity. As used with regard to a document, photograph or other tangible object, it means give a description of the document, photograph or object and state its subject matter, the names and addresses of the persons who prepared or obtained it and the persons who directed that it be prepared or obtained, the date on which it was prepared or obtained, and the name and address of the person having custody of it.

## **INTERROGATORIES**

1. Identify each person who has knowledge of the facts alleged in the pleadings (including facts supporting denials set forth in the Answer), stating for each person identified the number or numbers of the paragraph or paragraphs of the Complaint or Answer referring to facts of which the person has knowledge.

A.

2. Identify each person who has been interviewed on your behalf and state for each person the date of the interview and the identity of each person who has a resume of the interview.

A.

3. Identify all persons from whom statements have been procured in regard to the facts alleged in the pleadings and give the date of each statement.

A.

4. With regard to any statement made by plaintiffs or any agent of plaintiffs, whether oral or written, which you contend constitutes an admission and upon which you may rely at trial, please give a complete recitation thereof, state the date and place of its making and identify the person or persons who made it and who were present when it was made or written.

A.

5. Identify all persons who were present at the scene of the accident at any time within thirty minutes after it occurred, noting specifically those who were eyewitnesses.

A.

6. Identify each report, memorandum or resume prepared by you or any one acting on your behalf including, but not necessarily limited to, any investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the pleadings.

A.

7.  Identify each sketch, diagram, plat, photograph or motion picture or other representation which has been made or taken in regard to any fact alleged in the pleadings.

A.

8.  State in narrative form how the subject accident occurred.

A.

9.  Identify each memorandum, letter, invoice, manifest, contract, log, record or other writing which pertains in any way to any of the facts alleged or referred to in the pleadings, or upon which you will rely at trial.

A.

10.  Identify each object which relates in any way to any of the facts alleged in the Complaint or Answer, or which you intend to offer in evidence at trial.

A.

11.  If the accident was reported to a police or any other governmental authority, identify the police department or other governmental authority.

A.

12.  If any person, corporation or other entity was charged with a violation of any law, statute or regulation as a result of this accident, state the name and address of the person or entity charged, the nature of the charge, the statute or regulation citation, and the plea which was entered.

A.

13.  If you claim that the plaintiffs violated any statute not listed in the Answer, designate the statute and state in what manner it was violated.

A.

14.  Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and state for each such person the dates of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

A.

15.  Please identify each expert you expect to call to testify as a witness at trial and state for each such expert (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify, (iii) the substance of the facts and opinions to which the expert is expected to testify and (iv) the summary of the grounds for each such opinion.

A.

16.  Give a brief description of any liability insurance policy, including any excess insurance policy, which you had in effect or the date of the accident which is the subject of this litigation, stating the name and address of all companies providing the insurance and the amounts of coverage.

A.

17.  If a defendant, or any one acting on behalf of a defendant, has had any contact with plaintiffs or anyone else concerning a plaintiffs, such as interviewing such plaintiffs or any person who knows such plaintiffs, investigating such plaintiffs or performing surveillance on such plaintiffs, describe in detail each individual contact, identifying the person who made the contact and each document which refers to the contact or directs that the contact be made.

A.

18.  As to any accidents of any kind which involved the plaintiffs prior to or subject to the accident which is the subject of this action, state the date and place of the accident.

A.

_____/s/ Joseph J. Rhoades_____
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King St., 12th Flr.
Wilmington, DE  19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: April 10, 2006

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06C-01-145-JEB |
| | : | |
| v. | : | NON-ARBITRATION CASE |
| | : | |
| TOLL BROS., INC., <u>a corporation</u> | : | JURY TRIAL DEMANDED |
| <u>of the Commonwealth of Pennsylvania</u>, | : | |
| | : | |
| Defendant. | : | |

## FIRST REQUEST FOR PRODUCTION DIRECTED TO DEFENDANT

The plaintiffs request defendants to produce for examination and copying at the office of the undersigned counsel within thirty (30) days of service of this Request for Production, the following:

1.  Copies of all photographs, sketches, diagrams, or other drawings in you possession or available to you made in connection with the matter in litigation.

      A.

2.  Copies of all records or reports of investigation, findings of fact, or observation of facts or circumstances made in connection with the matter in litigation.

      A.

3.  Copies of all written or recorded statements, descriptions of statements, summaries of statements or records of statements taken in connection with the mater in litigation.

      A.

4.  Copies of any reports by any person qualifying as an expert containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

      A.

5.  Copies of all writings, notes, memoranda, data or tangible things which relate to the matter in litigation.

A.

6.  Insofar as any insurer has records, reports or the like which are available to the defendant upon request, then copies of such records and reports.

A.

7.  Copies of all vouchers, canceled checks, bills, invoices, ledgers, tapes, financial records or statements of any kind relative to items of damages being claimed by the plaintiffs herein or which relate to the matter in litigation.

A.

8.  All exhibits that you intend to introduce at trial or use in cross-examination or rebuttal.

A.

9.  All treatise or test authority upon which you intend to rely at trial or which you will use in examining or cross-examining any witness at trial.

A.

10.  To the extent not covered in Paragraphs 1 - 9 above, all objects, writings, reports, statements, interviews, resumes of interviews, diagrams, photographs, motion pictures, recordings and any other documents and memoranda identified in Defendant's Answers to Plaintiffs' Interrogatories.

A.

                              /s/ Joseph J. Rhoades
                              Joseph J. Rhoades, Esquire (ID No. 2064)
                              A. Dale Bowers, Esquire (ID No. 3932)
                              1225 King St., 12th Flr.
                              Wilmington, DE  19801
                              302-427-9500
                              Attorneys for Plaintiff(s)

DATE: April 10, 2006

## CERTIFICATE OF SERVICE

I, Ayesha Chacko, law clerk, hereby certify that on this 10th day of April, 2006, I caused

two true and correct copies of an Amended Complaint be delivered to the following address by

U.S. Mail and/or efile:

Kristine Maciolek Small, Esquire     Michael P. Kelly, Esquire
250 Gibraltar Road                   McCarter & English, LLP
Horsham, PA 19044              919 North Market Street, Suite 1800
                              P.O. Box 111
                              Wilmington, DE 19899


                              _____/s/ Ayesha Chacko_____
                              Ayesha Chacko