IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-252 |
| TOLL BROS., INC., a corporation of the Commonwealth of Pennsylvania, | : | |
| Defendant. | : | |

## ANSWER

Defendant Toll Bros., Inc. answers the Second Amended Complaint ("Complaint") of Robert P. Kempski, according to its numbered paragraphs, as follows:

1. Defendant lacks sufficient information to admit or deny Paragraph 1 of the Complaint, and therefore denies same.

2. Admitted that Defendant is a Pennsylvania corporation. As for the remaining allegations of Paragraph 2, counsel have stipulated that service shall be made on Defendant's counsel of record.

3. Denied.

4. Paragraph 4 of the Complaint is vague, incomplete, and states legal conclusions to which no response is required. To the extent that Paragraph 4 states factual allegations, it is denied.

5. Paragraph 5 of the Complaint is vague, incomplete, and states legal conclusions to which no response is required. To the extent that Paragraph 5 states factual allegations, it is denied.

ME1\5544897.1

6. Denied.

7. Denied.

8. Denied.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent that Paragraph 9 states factual allegations, it is denied.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent that Paragraph 10 states factual allegations, it is denied as to each and every subpart.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent that Paragraph 11 states factual allegations, it is denied.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent that Paragraph 12 states factual allegations, it is denied.

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent that Paragraph 13 states factual allegations, it is denied.

5544897v1

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by his own contributory or comparative negligence.

2. Plaintiff's alleged injuries were proximately caused by circumstances, events, or persons over whom Defendant had no authority or control and for which Defendant is not answerable in damages to Plaintiff.

3. The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause, and any act or omission on the part of Defendant was not the proximate cause of such alleged injuries and damages.

4. To the extent Plaintiff's alleged injuries were caused by the acts or omissions of persons or entities over whom Defendant has no dominion, authority or control, Defendant is entitled to have its liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities.

5. At all relevant times hereto, the knowledge of other persons and entities, and the ability of such other persons and entities to take actions to prevent the injuries complained of were superior to that of Defendant and, therefore, if there were a duty to warn Plaintiff, the duty was owed by those other persons and entities and not by Defendant.

6. Defendant did not control the premises at issue during the relevant time period.

7. The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Defendant.

8. The Complaint fails to state a claim on which relief may be granted.

9. To the extent Defendant is found liable, it is entitled to indemnification and/or contribution from other parties including subcontractors and their insurers.

5544897v1

10.   Plaintiff's Complaint fails for failure to name indispensable parties.

                                    **McCARTER & ENGLISH, LLP**

                                /s/ Michael P. Kelly
                        By:_____
                                Michael P. Kelly (DE Bar ID #2295)
                                Andrew S. Dupre (DE Bar ID #4621)
                                919 N. Market Street, St. 1800
                                Wilmington, DE  19801
                                (302) 984-6300

                                Attorneys for Defendant

Dated: April 27, 2006

5544897v1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on the 27th day of April, 2006 via e-file on the following counsel of record:

Joseph J. Rhoades, Esquire
A. Dale Bower, Esquire
1225 King St., 12th Floor
Wilmington, DE 19801

/s/ Michael P. Kelly
_____
Michael P. Kelly (DE Bar ID #2295)

ME1\5544897.1