IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

ROBERT P. KEMPSKI,                          :
                                            :
            Plaintiff,                      :
                                            :
    v.                                      :
                                            :
TOLL BROS., INC., a corporation of          :
The Commonwealth of Pennsylvania,           :        C.A. No. 06-252- KAJ
                                            :
            Defendant.                      :
                                            :
_____   :
TOLL BROS., INC., a corporation of          :
The Commonwealth of Pennsylvania,           :
                                            :
            Third Party Plaintiff,          :
                                            :
    v.                                      :
                                            :
DELAWARE HEATING AND AIR                    :
CONDITIONING SERVICES, INC.,                :
a corporation of the State of Delaware,     :
and JD FRAMING CONTRACTORS,                 :
INC., a corporation of the State of         :
New Jersey,                                 :
                                            :
            Third Party Defendants.         :

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TOLL BROS., INC.'S NOTICE OF REMOVAL AND PLAINTIFF'S MOTION FOR REMAND

        Plaintiff, by and through his undersigned counsel, hereby requests that this Court enter an

Order denying defendant's request for removal from the Superior Court of the State of Delaware

to this Court.  In support thereof, plaintiff states the following:

        1.    On January 13, 2006 plaintiff filed a civil action against Toll Brothers, Inc. in the

Superior Court for the State of Delaware for personal injuries sustained on August 25, 2005

while he was lawfully working within a stick structure of a new home located in Wilmington,

Delaware, where defendant was performing and supervising construction activities. (Exhibit "A") Plaintiff was installing duct work in the attic of a home when suddenly the floor board on which he was standing gave way, causing him to fall from the attic to the first floor level of the home, resulting in injury.

2.    Plaintiff's action is for damages arising under state law, namely claims for common law negligence. This action was initially filed against Toll Brothers, Inc. in Superior Court for the State of Delaware because plaintiff is a resident of the State of Delaware, Toll Brothers, Inc. is a corporation registered in the State of Delaware, Toll Brothers, Inc. regularly transacts business in the State of Delaware, and the property owned by Toll Brothers, Inc. on which plaintiff was injured is located in the State of Delaware.

3.    After the initial complaint was filed, in-house counsel for the Toll Brothers group of companies requested that counsel for plaintiff file an amended complaint replacing "Toll Brothers, Inc." with "Toll Bros., Inc." (Exhibit "B") Counsel for plaintiff agreed to file an amended complaint to make the aforementioned change because he was led to believe that the change was necessary to identify the proper corporate defendant. On March 17, 2006 counsel for plaintiff filed an amended complaint making the aforementioned change. (Exhibit "C")

4.    On or about April 3, 2006, counsel for defendant acknowledged that defendant Toll Bros., Inc. is a corporation registered in the State of Delaware, but indicated to counsel for plaintiff that its corporation with the same name but registered in the Commonwealth of Pennsylvania is the proper defendant. Counsel for defendant then requested that counsel for plaintiff amend the complaint replacing defendant Toll Bros., Inc., a corporation of the State of Delaware with "Toll Bros., Inc., a corporation of the Commonwealth of Pennsylvania. On April

10, 2006 counsel for plaintiff filed an amended complaint making the aforementioned changes. (Exhibit "D")

5.    On April 18, 2006, eight days after plaintiff filed an amended complaint, defendant filed a Notice of Removal with this Court based on diversity of citizenship pursuant to 28 U.S.C. §1332, stating that "Plaintiff amended his Complaint to name Toll Bros., Inc., a Pennsylvania Corporation, as the only defendant." (Exhibit "E") Based on this information, defendant alleged that there was complete diversity of citizenship between defendant and plaintiff.

6.    Plaintiff submits that removal of this case is improper because defendant encouraged plaintiff to drop a non-diverse defendant and add a diverse defendant in order to improperly invoke the jurisdiction of this Court.  Pursuant to 28 U.S.C. §1359, "a district court shall not have jurisdiction of a civil action in which any party, ... has improperly or collusively made or joined to invoke the jurisdiction of such court."  Had counsel for plaintiff been aware of defendant's intent to remove this action to federal court, he would not have agreed to amend the pleadings to create the appearance of diversity of citizenship.  Instead, counsel would have taken discovery to determine whether the representations made by defense counsel as to the identity of the proper corporate defendant were in fact accurate.

7.    Further, plaintiff submits that removal of this case is improper because the Superior Court of the State of Delaware has jurisdiction to hear this civil matter which is based on state law, namely common law negligence.  While state law is applied in diversity cases, diversity of jurisdiction prevents a state court from adjudicating and resolving important matters it otherwise would handle.  Carlsberg Res. Corp. v. Cambria Sav. and Loan Ass'n., 554 F.2d 1254, 1257 (3d Cir. 1977).  Although this defendant may be incorporated under the laws of the

Commonwealth of Pennsylvania, there is also a corporation registered in the State of Delaware with the same name which, upon information and belief, regularly transacts business in the State of Delaware. But for defendant's improper attempt to invoke the jurisdiction of this Court, Toll Bros., Inc., incorporated in the State of Delaware, would still be named as a defendant in this action, thus negating diversity of citizenship. The Superior Court is the most appropriate forum for this cause of action. For the aforementioned reasons, plaintiff submits that removal is improper because defendant has failed to provide adequate grounds for removal.

WHEREFORE, plaintiff respectfully requests that this Court enter an Order denying defendant's request for removal and remanding the above captioned action to the Superior Court of the State of Delaware.

_____/s/ A. Dale Bowers_____
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: May 18, 2006

## CERTIFICATE OF SERVICE

I, Ayesha Chacko, law clerk, hereby certify that on this 18th day of May, 2006, I caused

two true and correct copies of Plaintiff's Response in Opposition to Defendant's Notice of

Removal and Plaintiff's Motion for Remand be delivered via e-file and/or U.S. Mail to the

following:

Michael P. Kelly, Esquire
McCarter & English, LLP
P.O. Box 111
919 North Market Street, Suite 1800
Wilmington, DE 19899
Attorney for Defendant

JD Framing Contractors, Inc.
200 Delores Drive
Cinnaminson, NJ 08077

Delaware Heating and Air Conditioning
 Services, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

_____ /s/ Ayesha Chacko_____
Ayesha Chacko

Exhibit "A"

**EFiled: Jan 13 2006 10:08 AM EST**
**Transaction ID 10248566**

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

ROBERT P. KEMPSKI,                    :
                                       :
              Plaintiff,               :    C.A. No.
                                       :
       v.                              :    <u>ARBITRATION CASE</u>
                                       :
TOLL BROTHERS, INC., a corporation     :    <u>JURY TRIAL DEMANDED</u>
of the State of Delaware,              :
                                       :
              Defendants.              :

## <u>COMPLAINT</u>

1.     Plaintiff is a resident of the State of Delaware, residing at 818 Woodlawn Avenue, Apartment C3, Wilmington, Delaware 19806.

2.     Defendant is a corporation of the State of Delaware.  Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.     Upon information and belief, at all times pertinent hereto, defendant was the owners, possessors, operators, franchisors, franchisees, lessors and/or lessees of the property located at Brandywine Hunt, Naamans Road, Wilmington, Delaware.

4.     On or about August 25, 2005, at approximately 12:00 p.m., plaintiff Robert P. Kempski was lawfully working as a heating and air conditioning installer for Delaware Heating and Air Conditioning within a stick structure of a new home located at Lot 87 of the Brandywine Hundred home construction site where defendant was performing construction activities.  At all times pertinent hereto, plaintiff was an employee, worker, invitee, business visitor and/or person lawfully on the premises and was otherwise lawfully on the aforementioned premises.  Plaintiff was installing duct work in the attic of the home when suddenly and without warning, the floor

board on which he was standing gave way, causing him to fall from the attic to the first floor level of the home.

5. As a direct and proximate result of the aforementioned incident, plaintiff suffered severe bodily injuries, including, but not limited to, injuries to his head, shoulders, arms, and hands. Some or all of his injuries have continued since the accident and are permanent in nature.

6. As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future, medical and medication expenses for the treatment of his injuries.

7. As a further consequence of his injuries, plaintiff has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

8. As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future a loss of earnings and a permanent loss of earning capacity.

9. Defendant, working on and in control of the premises and area in question, owed a duty to the employees, workers, invitees, business visitors and/or persons lawfully on the premises, including plaintiff, to maintain the property in a reasonable and safe condition, free of defects and hazards which would render it unsafe for persons lawfully on the premises. Defendant breached that duty.

10. The incident and the plaintiff's resulting injuries and damages were proximately caused by the negligence of defendant in that it, through their agents, servants and/or employees:

(a) failed to properly inspect the construction area to insure that it was safe to work in when it knew or in the exercise of reasonable care should have known that plaintiff and other workers like him intended to work in the area in question;

(b)    failed to properly secure the floor board or see that it was secured when they knew or should have known that the plaintiff and other workers like him intended to work in the area in question;

(c)    failed to employ appropriate safety techniques in setting up the work and allowing it to take place in the construction area when they knew or should have known that plaintiff and other workers like him intended to work in the area in question;

(d)    required and/or permitted its employees, agents, contractors, and/or subcontractors to work in improper, unsafe, and dangerous construction conditions when defendants knew or should have known of the likelihood that employees, workers, invitees, business visitors and/or persons lawfully on the premises would be injured by the condition of the area in question and when defendant had a right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(e)    required and/or permitted its employees, agents, contractors and/or subcontractors to fail to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(f)    did not observe the failure of its employees, agents, contractors, and/or subcontractors to use proper and safe materials when defendant knew, or in the exercise of reasonable care, should have discovered and should have realized that the condition of the area in question involved an unreasonable risk of harm to the persons lawfully on the premises and should have expected that these individuals would not discover or realize the danger or would fail to protect themselves against the danger when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(g)    did not observe the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(h)    did not prevent the failure of its employees, agents, contractors and/or subcontractors from working in improper, unsafe, and dangerous construction conditions when defendants had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(i)    did not prevent the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had a right to control the actions of their employees, agents, contractors and/or subcontractors;

(j)    permitted improperly attached floor boards to remain in the home construction site on Lot 87 of Brandywine Hunt thereby creating a dangerous, defective and hazardous condition;

(k)    failed to properly and adequately notify its employees, agents, contractors and/or subcontractors that the floor boards had not been properly and adequately installed in the construction area in question;

(l)    failed to adequately warn or otherwise inform its employees, agents, contractors and/or subcontractors that the improperly installed floor boards posed a dangerous and unsafe condition, having actual or constructive knowledge thereof;

(m)    failed to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the area in question;

(n)    carelessly performed its contractual duties by causing the improper installation of the floor boards of the Lot 87 home construction project, thereby causing a dangerous, defective, and hazardous condition within the home;

(o)    failed to properly train, supervise or hire sufficient personnel to properly inspect, maintain, construct, and/or alter, the assembly of floor boards and/or other equipment in the area in question so as to maintain the work area in a condition free of defects and reasonably safe for use by individuals, such as plaintiff;

(p)    utilized improper materials and equipment during the assembly, construction, and/or installation of floor boards and/or other equipment so as to cause or increase the risk that it would be unstable and/or break; and,

(q)    failed to use due care to provide plaintiff with a safe working environment.

11.    Defendant knew or should have known at the time of the aforementioned incident that the work which was to be done and/or performed normally and inherently involved special dangers to others including the employees of Delaware Heating and Air Conditioning one of whom was plaintiff, unless reasonable precautions were taken against such dangers. Defendant was negligent in failing to take such reasonable precautions. Its negligence was the proximate cause of plaintiff's injuries and damages

12.    The aforementioned negligence of the defendant also constituted negligence per se, said negligence constituting non-compliance on the part of the defendant with pertinent safety and construction statutes, regulations and procedures.

13.    Defendant is also responsible for plaintiff's damages under the doctrine of Res Ipsa Loquitur.

WHEREFORE, plaintiff demands judgment against defendant for his special and general

damages, including pain and suffering, the costs of this action plus pre and post judgment interest

and other such relief as the Court finds just.

                                   /s/ Joseph J. Rhoades
                                 Joseph J. Rhoades, Esquire (ID No. 2064)
                                 A. Dale Bowers, Esquire (ID No. 3932)
                                 1225 King Street, 12 Flr.
                                 Wilmington, Delaware 19801
                                 302-427-9500
                                 Attorneys for Plaintiff(s)

DATE:  January 13, 2006

Exhibit "B"

# Toll Brothers

### America's Luxury Home Builder™

KRISTINE MACIOLEK SMALL, ESQUIRE
GENERAL COUNSEL'S OFFICE

Direct Dial: (215) 938-6922
Fax: (215) 938-8255

MAR 1 0 2006

05-120 JW /3P

March 9, 2006

A. Dale Bowers, Esquire
Law Offices of Joseph J. Rhoades
1225 King Street
Suite 1200
Wilmington, DE  19801

Re:    Robert Kempski v. Toll Brothers, Inc.
       New Castle County, Superior Court of Delaware
       Case No. 06C-01-145-JEB

Dear Mr. Bowers:

This letter is to confirm our conversation today.  I requested and you agreed to file an amended complaint replacing the improperly named "Toll Brothers, Inc." with "Toll Bros., Inc."  I have agreed to accept service of this amended complaint on behalf of Toll Bros., Inc.  The amended complaint can be sent to my attention at the above address.

You also offered to send me the documents you subpoenaed from Delaware Heating and Air Conditioning.  Please forward these and I will reimburse you for reasonable copying costs.  Thank you for your cooperation.

Sincerely,

Kristine Maciolek Small

KMS/mty

cc:  Joseph Kwiatkoski

**Exhibit "C"**

EFiled: Mar 17 2006 2:20PM EST
Transaction ID 10826213

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06C-01-145-JEB |
| | : | |
| v. | : | ARBITRATION CASE |
| | : | |
| TOLL BROS., INC., a corporation | : | JURY TRIAL DEMANDED |
| of the State of Delaware, | : | |
| | : | |
| Defendant. | : | |

## AMENDED COMPLAINT

1.      Plaintiff is a resident of the State of Delaware, residing at 818 Woodlawn Avenue, Apartment C3, Wilmington, Delaware 19806.

2.      Defendant is a corporation of the State of Delaware.  Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.      Upon information and belief, at all times pertinent hereto, defendant was the owners, possessors, operators, franchisors, franchisees, lessors and/or lessees of the property located at Brandywine Hunt, Naamans Road, Wilmington, Delaware.

4.      On or about August 25, 2005, at approximately 12:00 p.m., plaintiff Robert P. Kempski was lawfully working as a heating and air conditioning installer for Delaware Heating and Air Conditioning within a stick structure of a new home located at Lot 87 of the Brandywine Hundred home construction site where defendant was performing construction activities.  At all times pertinent hereto, plaintiff was an employee, worker, invitee, business visitor and/or person lawfully on the premises and was otherwise lawfully on the aforementioned premises.  Plaintiff was installing duct work in the attic of the home when suddenly and without warning, the floor

board on which he was standing gave way, causing him to fall from the attic to the first floor level of the home.

5.      As a direct and proximate result of the aforementioned incident, plaintiff suffered severe bodily injuries, including, but not limited to, injuries to his head, shoulders, arms, and hands. Some or all of his injuries have continued since the accident and are permanent in nature.

6.      As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future, medical and medication expenses for the treatment of his injuries.

7.      As a further consequence of his injuries, plaintiff has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

8.      As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future a loss of earnings and a permanent loss of earning capacity.

9.      Defendant, working on and in control of the premises and area in question, owed a duty to the employees, workers, invitees, business visitors and/or persons lawfully on the premises, including plaintiff, to maintain the property in a reasonable and safe condition, free of defects and hazards which would render it unsafe for persons lawfully on the premises.  Defendant breached that duty.

10.      The incident and the plaintiff's resulting injuries and damages were proximately caused by the negligence of defendant in that it, through their agents, servants and/or employees:

(a)      failed to properly inspect the construction area to insure that it was safe to work in when it knew or in the exercise of reasonable care should have known that plaintiff and other workers like him intended to work in the area in question;

(b)      failed to properly secure the floor board or see that it was secured when they knew or should have known that the plaintiff and other workers like him intended to work in the area in question;

(c)      failed to employ appropriate safety techniques in setting up the work and allowing it to take place in the construction area when they knew or should have known that plaintiff and other workers like him intended to work in the area in question;

(d)      required and/or permitted its employees, agents, contractors, and/or subcontractors to work in improper, unsafe, and dangerous construction conditions when defendants knew or should have known of the likelihood that employees, workers, invitees, business visitors and/or persons lawfully on the premises would be injured by the condition of the area in question and when defendant had a right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(e)      required and/or permitted its employees, agents, contractors and/or subcontractors to fail to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(f)      did not observe the failure of its employees, agents, contractors, and/or subcontractors to use proper and safe materials when defendant knew, or in the exercise of reasonable care, should have discovered and should have realized that the condition of the area in question involved an unreasonable risk of harm to the persons lawfully on the premises and should have expected that these individuals would not discover or realize the danger or would fail to protect themselves against the danger when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(g)    did not observe the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(h)    did not prevent the failure of its employees, agents, contractors and/or subcontractors from working in improper, unsafe, and dangerous construction conditions when defendants had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(i)    did not prevent the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had a right to control the actions of their employees, agents, contractors and/or subcontractors;

(j)    permitted improperly attached floor boards to remain in the home construction site on Lot 87 of Brandywine Hunt thereby creating a dangerous, defective and hazardous condition;

(k)    failed to properly and adequately notify its employees, agents, contractors and/or subcontractors that the floor boards had not been properly and adequately installed in the construction area in question;

(l)    failed to adequately warn or otherwise inform its employees, agents, contractors and/or subcontractors that the improperly installed floor boards posed a dangerous and unsafe condition, having actual or constructive knowledge thereof;

(m)    failed to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the area in question;

(n)    carelessly performed its contractual duties by causing the improper installation of the floor boards of the Lot 87 home construction project, thereby causing a dangerous, defective, and hazardous condition within the home;

(o)    failed to properly train, supervise or hire sufficient personnel to properly inspect, maintain, construct, and/or alter, the assembly of floor boards and/or other equipment in the area in question so as to maintain the work area in a condition free of defects and reasonably safe for use by individuals, such as plaintiff;

(p)    utilized improper materials and equipment during the assembly, construction, and/or installation of floor boards and/or other equipment so as to cause or increase the risk that it would be unstable and/or break; and,

(q)    failed to use due care to provide plaintiff with a safe working environment.

11.    Defendant knew or should have known at the time of the aforementioned incident that the work which was to be done and/or performed normally and inherently involved special dangers to others including the employees of Delaware Heating and Air Conditioning one of whom was plaintiff, unless reasonable precautions were taken against such dangers. Defendant was negligent in failing to take such reasonable precautions. Its negligence was the proximate cause of plaintiff's injuries and damages

12.    The aforementioned negligence of the defendant also constituted negligence per se, said negligence constituting non-compliance on the part of the defendant with pertinent safety and construction statutes, regulations and procedures.

13.    Defendant is also responsible for plaintiff's damages under the doctrine of Res Ipsa Loquitur.

WHEREFORE, plaintiff demands judgment against defendant for his special and general

damages, including pain and suffering, the costs of this action plus pre and post judgment interest

and other such relief as the Court finds just.

         /s/ Joseph J. Rhoades
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King Street, 12 Flr.
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE:  March 17, 2006

Exhibit "D"

**EFiled:  Apr 10 2006 11:43AM EDT**
**Transaction ID 11001721**

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06C-01-145-JEB |
| | : | |
| v. | : | <u>NON-ARBITRATION CASE</u> |
| | : | |
| TOLL BROS., INC., <u>a corporation</u> | : | <u>JURY TRIAL DEMANDED</u> |
| <u>of the Commonwealth of Pennsylvania,</u> | : | |
| | : | |
| Defendant. | : | |

## <u>AMENDED COMPLAINT</u>

1.     Plaintiff is a resident of the State of Delaware, residing at 818 Woodlawn Avenue, Apartment C3, Wilmington, Delaware 19806.

2.     <u>Defendant is a corporation of the Commonwealth of Pennsylvania.</u> Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.

3.     Upon information and belief, at all times pertinent hereto, defendant was the owners, possessors, operators, franchisors, franchisees, lessors and/or lessees of the property located at Brandywine Hunt, Naamans Road, Wilmington, Delaware.

4.     On or about August 25, 2005, at approximately 12:00 p.m., plaintiff Robert P. Kempski was lawfully working as a heating and air conditioning installer for Delaware Heating and Air Conditioning within a stick structure of a new home located at Lot 87 of the Brandywine Hundred home construction site where defendant was performing construction activities.  At all times pertinent hereto, plaintiff was an employee, worker, invitee, business visitor and/or person lawfully on the premises and was otherwise lawfully on the aforementioned premises.  Plaintiff was installing duct work in the attic of the home when suddenly and without warning, the floor

board on which he was standing gave way, causing him to fall from the attic to the first floor level of the home.

5. As a direct and proximate result of the aforementioned incident, plaintiff suffered severe bodily injuries, including, but not limited to, injuries to his head, shoulders, arms, and hands. Some or all of his injuries have continued since the accident and are permanent in nature.

6. As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future, medical and medication expenses for the treatment of his injuries.

7. As a further consequence of his injuries, plaintiff has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

8. As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future a loss of earnings and a permanent loss of earning capacity.

9. Defendant, working on and in control of the premises and area in question, owed a duty to the employees, workers, invitees, business visitors and/or persons lawfully on the premises, including plaintiff, to maintain the property in a reasonable and safe condition, free of defects and hazards which would render it unsafe for persons lawfully on the premises. Defendant breached that duty.

10. The incident and the plaintiff's resulting injuries and damages were proximately caused by the negligence of defendant in that it, through their agents, servants and/or employees:

(a) failed to properly inspect the construction area to insure that it was safe to work in when it knew or in the exercise of reasonable care should have known that plaintiff and other workers like him intended to work in the area in question;

(b)     failed to properly secure the floor board or see that it was secured when they knew or should have known that the plaintiff and other workers like him intended to work in the area in question;

(c)     failed to employ appropriate safety techniques in setting up the work and allowing it to take place in the construction area when they knew or should have known that plaintiff and other workers like him intended to work in the area in question;

(d)     required and/or permitted its employees, agents, contractors, and/or subcontractors to work in improper, unsafe, and dangerous construction conditions when defendants knew or should have known of the likelihood that employees, workers, invitees, business visitors and/or persons lawfully on the premises would be injured by the condition of the area in question and when defendant had a right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(e)     required and/or permitted its employees, agents, contractors and/or subcontractors to fail to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(f)     did not observe the failure of its employees, agents, contractors, and/or subcontractors to use proper and safe materials when defendant knew, or in the exercise of reasonable care, should have discovered and should have realized that the condition of the area in question involved an unreasonable risk of harm to the persons lawfully on the premises and should have expected that these individuals would not discover or realize the danger or would fail to protect themselves against the danger when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(g)    did not observe the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had the right to control the actions of its employees, agents, contractors and/or subcontractors;

(h)    did not prevent the failure of its employees, agents, contractors and/or subcontractors from working in improper, unsafe, and dangerous construction conditions when defendants had the right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(i)    did not prevent the failure of its employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendant had a right to control the actions of their employees, agents, contractors and/or subcontractors;

(j)    permitted improperly attached floor boards to remain in the home construction site on Lot 87 of Brandywine Hunt thereby creating a dangerous, defective and hazardous condition;

(k)    failed to properly and adequately notify its employees, agents, contractors and/or subcontractors that the floor boards had not been properly and adequately installed in the construction area in question;

(l)    failed to adequately warn or otherwise inform its employees, agents, contractors and/or subcontractors that the improperly installed floor boards posed a dangerous and unsafe condition, having actual or constructive knowledge thereof;

(m)    failed to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the area in question;

(n)     carelessly performed its contractual duties by causing the improper installation of the floor boards of the Lot 87 home construction project, thereby causing a dangerous, defective, and hazardous condition within the home;

(o)     failed to properly train, supervise or hire sufficient personnel to properly inspect, maintain, construct, and/or alter, the assembly of floor boards and/or other equipment in the area in question so as to maintain the work area in a condition free of defects and reasonably safe for use by individuals, such as plaintiff;

(p)     utilized improper materials and equipment during the assembly, construction, and/or installation of floor boards and/or other equipment so as to cause or increase the risk that it would be unstable and/or break; and,

(q)     failed to use due care to provide plaintiff with a safe working environment.

11.     Defendant knew or should have known at the time of the aforementioned incident that the work which was to be done and/or performed normally and inherently involved special dangers to others including the employees of Delaware Heating and Air Conditioning one of whom was plaintiff, unless reasonable precautions were taken against such dangers. Defendant was negligent in failing to take such reasonable precautions. Its negligence was the proximate cause of plaintiff's injuries and damages

12.     The aforementioned negligence of the defendant also constituted negligence per se, said negligence constituting non-compliance on the part of the defendant with pertinent safety and construction statutes, regulations and procedures.

13.     Defendant is also responsible for plaintiff's damages under the doctrine of Res Ipsa Loquitur.

WHEREFORE, plaintiff demands judgment against defendant for his special and general damages, including pain and suffering, the costs of this action plus pre and post judgment interest and other such relief as the Court finds just.

_/s/ Joseph J. Rhoades_
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King Street, 12 Flr.
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: April 10, 2006

**Exhibit "E"**

EFiled:  Apr 18 2006  4:09PM EDT
Transaction ID 11072567

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

ROBERT P. KEMPSKI,                    :
                                       :        C.A. No. 06C-01-145 JEB
          Plaintiff,                   :
                                       :
     v.                                :        NON-ARBITRATION CASE
                                       :
TOLL BROS., INC., a corporation of     :
the Commonwealth of Pennsylvania,      :        JURY TRIAL DEMANDED
                                       :
          Defendant.                   :

### NOTICE TO PROTHONOTARY OF SUPERIOR COURT
### OF FILING OF NOTICE OF REMOVAL

**TO:   PROTHONOTARY**
**New Castle County Courthouse**
**500 N. King Street**
**Wilmington, DE  19801**

**PLEASE TAKE NOTICE** that attached hereto is a copy of the Notice to Adverse Party

of Filing of Notice of Removal and the Notice of Removal in this case which has been filed with

the Clerk of the United States District Court for the District of Delaware.

McCARTER & ENGLISH, LLP


BY:_____/s/ Andrew S. Dupre_____
     Michael P. Kelly, I.D. 2295
     Andrew S. Dupre, I.D. 4621
     919 N. Market Street
     Suite 1800
     Wilmington, DE  19899
     (302) 984-6300
     Attorneys for Defendant

DATED:  April 18, 2006


MEI\5607178.1

EFiled:  Apr 18 2006  4:09PM EDT
Transaction ID 11072567

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBERT P. KEMPSKI,                     :
                                       :         CA No.
                 Plaintiff,            :
                                       :
          v.                           :
                                       :
TOLL BROS., INC., a corporation of     :
the Commonwealth of Pennsylvania,      :
                                       :
                 Defendant.            :

### NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

To:    Joseph J. Rhoades, Esquire
       A. Dale Bowers, Esquire
       1225 King St., 12th Flr.
       Wilmington, Delaware 19801
       302-427-9500
       Attorneys for Plaintiff


       **PLEASE TAKE NOTICE** that a Notice of Removal of this action from the Superior

Court of Delaware, New Castle County, to the United States District Court for the District of

Delaware was duly filed on this 18th day of April, 2006, in the United States District Court for

the District of Delaware.

                          McCARTER & ENGLISH, LLP

                          BY:  _____ /s/ Michael P. Kelly _____
                                Michael P. Kelly, I.D. 2295
                                Andrew S. Dupre, I.D. 4621
                                919 N. Market Street
                                Suite 1800
                                Wilmington, DE  19899
                                (302) 984-6300
                                Attorneys for Defendant


DATED:  April 18, 2006

EFiled:  Apr 18 2006  4:09PM EDT
Transaction ID 11072567

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

ROBERT P. KEMPSKI,            :
                                          :      CA No.
          Plaintiff,              :
                                          :
     v.                                     :
                                          :
TOLL BROS., INC., a corporation of    :
the Commonwealth of Pennsylvania,    :
                                          :
          Defendant.            :

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Toll Bros., Inc., a Pennsylvania

Corporation, removes this action from the Superior Court of New Castle County, Delaware, to this

Court. This Notice of Removal is filed within thirty days of Defendant becoming a party to the

action, and is thus timely under 28 U.S.C. § 1446(b). The grounds for removal are:

1.      Plaintiff Robert Kempski, a Delaware citizen, commenced this action by filing a

complaint in the Superior Court of New Castle County, Delaware, on or about January 16, 2006.

The action is now pending in that court, Civil Action No. 06C-01-145-JEB.

2.      Plaintiff's first two complaints did not name this Defendant. Instead, the first two

complaints named different Delaware companies no longer parties to the action.

3.      On April 10, 2006 Plaintiff amended his Complaint ("Third Complaint") to name

Toll Bros., Inc., a Pennsylvania Corporation, as the only defendant. Toll Bros., Inc. has its principal

place of business in Horsham, Pennsylvania.

4.      Defendant was served the Third Complaint on April 11, 2006.

5.      This is a negligence and premises liability case. Briefly, the Third Complaint alleges that Defendant, the general contractor on a construction site, is liable for injuries that Plaintiff, an employee of a subcontractor, sustained in a fall.

6.      The Third Complaint prays for damages in excess of $100,000.

7.      Because there is complete diversity of citizenship between Plaintiff, a Delaware citizen, and Defendant, a Pennsylvania citizen, and because the amount in controversy exclusive of costs and interest exceeds $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

8.      In accordance with 28 U.S.C. § 1446(b), a copy of all process, pleadings and orders served upon Defendant is attached as Exhibit A.

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be given to counsel for Plaintiff and a copy of the Notice of Removal will be filed with the Prothonotary of the Superior Court of New Castle County, Delaware.

WHEREFORE, Defendant Toll Bros., Inc. respectfully requests pursuant to 28 U.S.C. §1441 that this case be removed from the Superior Court of Delaware to this Court, and proceed in this Court as an action properly removed.

                                        McCARTER & ENGLISH, LLP


BY:      _____ /s/ Michael P. Kelly _____
         Michael P. Kelly, I.D. 2295
         Andrew S. Dupre, I.D. 4621
         919 N. Market Street
         Suite 1800
         Wilmington, DE 19899
         (302) 984-6300
         Attorneys for Defendant

DATED: April 18, 2006

2

ME1\5599667.1

EFiled: Apr 18 2006 4:09PM EDT
Transaction ID 11072567

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

ROBERT P. KEMPSKI, : 
         :      C.A. No. 06C-01-145 JEB
         Plaintiff, : 
         : 
         v. :      NON-ARBITRATION CASE
         : 
TOLL BROS., INC., a corporation of : 
the Commonwealth of Pennsylvania, :      JURY TRIAL DEMANDED
         : 
         Defendant. : 

### CERTIFICATION OF SERVICE

Andrew S. Dupre hereby certifies that:

     1.     I am attorney for Defendant Toll Bros., Inc.

     2.     On April 18, 2006, I caused to be delivered via hand delivery two copies of the

Notice to Prothonotary of Superior Court of Filing of Notice of Removal and Notice of Removal

to Joseph J. Rhoades and A. Dale Bowers, 1225 King Street, Suite 1200, Wilmington, Delaware

19801, attorneys for Plaintiff Robert Kempski.

                                   McCARTER & ENGLISH, LLP

                                 BY:_____/s/ Andrew S. Dupre_____
                                     Michael P. Kelly, I.D. 2295
                                     Andrew S. Dupre, I.D. 4621
                                     919 N. Market Street
                                     Suite 1800
                                     Wilmington, DE  19899
                                     (302) 984-6300
                                     Attorneys for Defendant

DATED:  April 18, 2006

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

ROBERT P. KEMPSKI,                          :
                                            :
            Plaintiff,                      :
                                            :
      v.                                    :
                                            :
TOLL BROS., INC., a corporation of          :
The Commonwealth of Pennsylvania,           :        C.A. No. 06-252- KAJ
                                            :
            Defendant.                      :
_____     :
TOLL BROS., INC., a corporation of          :
The Commonwealth of Pennsylvania,           :
                                            :
            Third Party Plaintiff,          :
                                            :
      v.                                    :
                                            :
DELAWARE HEATING AND AIR                    :
CONDITIONING SERVICES, INC.,                :
a corporation of the State of Delaware,     :
and JD FRAMING CONTRACTORS,                 :
INC., a corporation of the State of         :
New Jersey,                                 :
                                            :
            Third Party Defendants.         :

## **ORDER**

Upon consideration of plaintiff's Motion for Remand, it is hereby ordered this _____ day

of _____, 2006, that plaintiff's Motion is GRANTED.

_____
The Honorable Kent A. Jordan