IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-252 (KAJ) |
| | ) | |
| TOLL BROS., INC., a corporation of the Commonwealth of Pennsylvania, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TOLL BROS., INC., a corporation of the Commonwealth of Pennsylvania, | ) ) | |
| | ) | |
| Third Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE HEATING AND AIR CONDITIONING SERVICES, INC., a corporation of the State of Delaware, and JD FRAMING CONTRACTORS, INC., a corporation of the State of New Jersey, | ) ) ) ) ) | |
| | ) | |
| Third Party Defendants | ) | |

**DEFENDANT AND THIRD-PARTY PLAINTIFF TOLL BROS., INC.'S
ANSWERING BRIEF IN RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

**McCARTER & ENGLISH, LLP**
Michael P. Kelly (DE Bar ID #2295)
Andrew S. Dupre (DE Bar ID #4621)
919 N. Market Street, St. 1800
Wilmington, DE 19801
(302) 984-6300

Attorneys for Defendant and Third-Party Plaintiff

Dated: May 30, 2006

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

COUNTER STATEMENT OF FACTS ................................................................................... 1

SUMMARY OF ARGUMENT................................................................................................ 1

ARGUMENT ........................................................................................................................... 2

     I.     Federal Subject Matter Jurisdiction Is Plain On The Face Of The Pleadings ......... 2

     II.    Removal Was Not Based On Collusive Or Improper Conduct.............................. 2

     III.   *Carlsberg* Did Not Repeal 28 U.S.C. § 1332........................................................ 3

     IV.   Plaintiff's Motion Is Frivolous And Costs Should Be Assessed ........................... 4

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Bass v. Texas Power & Light Co.*,
    432 F.2d 763 (5th Cir. 1970) ........................................................................3

*Bishop v. Hendricks*,
    495 F.2d 289 (4th Cir. 1974) ........................................................................3

*Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n*,
    554 F.2d 1254 (3d Cir. 1977).............................................................. 2, 3, 4

*Chase v. Shop N' Save Warehouse Foods, Inc.*,
    110 F.3d 424 (7th Cir. 1997) ........................................................................5

*Smith v. Sperling*,
    354 U.S. 91 (1957)........................................................................................2

*Yokeno v. Mafnas*,
    973 F.2d 803 (N. Mariana Is. 1992).............................................................3

## FEDERAL STATUTES

28 U.S.C. § 1332................................................................................*Passim*

28 U.S.C. § 1359............................................................................... 1, 2, 5

Fed. R. Civ. P. 11............................................................................... 2, 4, 5

## NATURE AND STAGE OF THE PROCEEDINGS

This is a personal injury case before the Court by diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff originally filed this action in the Superior Court of Delaware on January 13, 2006. Plaintiff's original complaint ("First Complaint") named as defendant only Toll Brothers, Inc., a Delaware corporation. Plaintiff amended his complaint ("Second Complaint") on March 17, 2006 to name as defendant only Toll Bros., Inc., a Delaware corporation. On April 10, 2006, Plaintiff again amended his complaint ("Third Complaint") to name as defendant only Toll Bros., Inc., a Pennsylvania corporation ("TBI"). On April 18, 2006, TBI removed the case to this Court based on diversity of citizenship. On May 18, 2006, Plaintiff filed a "Response In Opposition To Defendant Toll Bros., Inc.'s Notice Of Removal And Plaintiff's Motion For Remand." This is TBI's Answering Brief in Opposition to that motion.

## COUNTER STATEMENT OF FACTS

Plaintiff is a Delaware citizen, TBI is a Pennsylvania corporation, and the amount in controversy in this case, excluding interest and fees, is over $75,000. Plaintiff contests none of these facts. This is a straightforward case of diversity jurisdiction.

Plaintiff correctly states that TBI's counsel advised Plaintiff's counsel that he had twice sued the wrong party, and requested that he amend his complaint to name the party actually associated with the worksite at issue. The appropriateness of that request and whether it has any affect on the jurisdictional question is the sole subject of this motion.

## SUMMARY OF ARGUMENT

TBI's right to remove this case is indisputable based on the citizenship of the parties and the amount in controversy as stated in the Third Complaint. TBI's request that Plaintiff voluntarily agree to name the correct party, so that both sides would be spared the expense of a motion to dismiss, was not "improper" or "collusive" within the meaning of 28 U.S.C. § 1359,

and therefore presents no reason to remand this case to state court. Put simply, Plaintiff's motion to remand is frivolous within the meaning of Fed. R. Civ. P. 11, and TBI respectfully requests that this Court order Plaintiff to reimburse TBI for the costs incurred in responding to the motion.

## **ARGUMENT**

TBI's right of removal is plain on the face of the Third Complaint. Plaintiff offers no legal basis for his contention that TBI's request to Plaintiff to voluntarily name the correct party violated 28 U.S.C. § 1359. The single case Plaintiff cites, *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254 (3d Cir. 1977), is entirely irrelevant. There is no legal or factual basis for remand, and this motion is frivolous within the meaning of Fed. R. Civ. P. 11.

I.    Federal Subject Matter Jurisdiction Is Plain On The Face Of The Pleadings

"Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Smith v. Sperling,* 354 U.S. 91, 93 n.1 (1957). The Pleadings in this case plainly and correctly state that Plaintiff is a citizen of Delaware and TBI is a citizen of Pennsylvania. The Third Complaint pleads, exclusive of interest and costs, damages in excess of $75,000. As such, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

II.   Removal Was Not Based On Collusive Or Improper Conduct

Plaintiff seeks to escape this obvious conclusion through a spurious allegation that removal was somehow improper. The sole statutory authority cited for this motion is 28 U.S.C. § 1359, which states, "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." That statute has nothing to do with this case.

Even the most cursory review of cases citing § 1359 shows that the statute is meant to prevent a party from fashioning an artificial non-resident representative, usually by assignment,

2

solely to create diversity jurisdiction. *See Bishop v. Hendricks*, 495 F.2d 289 (4th Cir. 1974). The "or otherwise" in the statute is meant to reach such conduct as choosing a non-resident administrator so that an estate may litigate in federal court. *See Bass v. Texas Power & Light Co.*, 432 F.2d 763 (5th Cir. 1970). The statute also bars plaintiffs and defendants from colluding with each other to unnaturally arrange parties solely to trigger diversity jurisdiction. *See Yokeno v. Mafnas*, 973 F.2d 803 (N. Mariana Is. 1992).

None of these judicial concerns are present here. TBI is not defending this case as an assignee or representative of a covert Delaware party; it defends the case in its own name as the real party in interest. TBI did not conspire with Plaintiff to create diversity jurisdiction; Plaintiff does not want this case in federal court. As such, there is no basis for an allegation of collusion.

Plaintiff suggests that TBI's request that he amend his complaint to name the correct party was somehow improper because TBI did not tell Plaintiff that the case was removable. This argument is absurd on its face. Plaintiff has not cited, nor has TBI found, any authority that would have required TBI to spontaneously advise Plaintiff that diverse parties have a right of removal. The caption of the Third Complaint makes the right of removal obvious. There was no attempt to mislead Plaintiff regarding removal; the topic never arose during the several conversations between counsel that led to the Third Complaint. Nothing "improper" occurred.

III.    *Carlsberg* Did Not Repeal 28 U.S.C. § 1332

Plaintiff cites *Carlsberg Res*, 554 F.2d at 1257 for the proposition that "removal of this case is improper because the Superior Court of the State of Delaware has jurisdiction to hear this civil matter which is based on state law, namely common law negligence." Plaintiff makes no attempt to explain why state court jurisdiction, which always exists, deprives this Court of the

3

concurrent diversity jurisdiction conferred upon it by 28 U.S.C. § 1332. Plaintiff's argument would leave this Court with no diversity jurisdiction at all, and is plainly wrong.

*Carlsberg* does not compel removal. That case decided whether a District Court must consider the citizenship of all members of a partnership, rather than just the citizenship of the general partner, when ruling on subject matter jurisdiction by diversity. TBI is not a partnership or an alternative entity of any type; it is a simple corporation that is undeniably a resident of the Commonwealth of Pennsylvania. *Carlsberg* does not destroy all federal diversity jurisdiction; it merely serves as a reminder that complete diversity is a *sine qua non* of District Court power to adjudicate cases consisting solely of non-federal claims. It has no application here.

IV.    Plaintiff's Motion Is Frivolous And Costs Should Be Assessed.

Plaintiff's motion is an allegation that TBI acted improperly by asking Plaintiff to name the correct party. No statute or case law supports this assertion. The correct party would have come to light on motions to dismiss the First and Second Complaints. In TBI's view, remaining silent while Plaintiff twice sued entities that have no relation whatsoever to the claims at issue, moving to dismiss, then later starting the case over when Plaintiff discovered the right party, would have been a tremendous waste of resources. TBI saved both sides and the state court the time and expense that would have been squandered had Plaintiff's preferred course of motion practice occurred. That was not "improper."

TBI respectfully suggests that there is no factual or legal basis for the relief sought through this Motion, nor any good faith argument for an extension of existing law. Fed. R. Civ. P. 11. Only one plainly irrelevant case is cited. TBI is not aware of any court ever holding that a good faith attempt to cut through motion practice by voluntarily informing an adverse party that

4

he had sued the wrong entity is "improper" under 28 U.S.C. § 1359. Such a holding would be

both undesirable and unworkable. Plaintiff's allegation of misconduct is entirely unsupported.

Fed. R. Civ. P. 11 permits the Court to sanction a party who files a frivolous or vexatious

motion for remand. *See Chase v. Shop 'N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 430-31

(7th Cir. 1997); 6 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 107.41(4)(b)

(3d ed. 1999). The typical sanction for such conduct is an award of attorney's fees and costs for

the party who must defend the frivolous motion. *Id.* TBI requests that such fees and costs be

awarded in this case.

## CONCLUSION

WHEREFORE, TBI respectfully requests that Plaintiff's Motion For Remand be denied,

and that Plaintiff be ordered to reimburse TBI for reasonable fees and costs incurred in

responding to this Motion.

**McCARTER & ENGLISH, LLP**

/s/ Michael P. Kelly

By:_____

Michael P. Kelly (DE Bar ID #2295)
Andrew S. Dupre (DE Bar ID #4621)
919 N. Market Street, St. 1800
Wilmington, DE 19801
(302) 984-6300

Attorneys for Defendant

Dated: May 30, 2006

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document

was served on the 30th day of May, 2006 via e-file on the following counsel of record:

> Joseph J. Rhoades, Esquire
> A. Dale Bower, Esquire
> 1225 King St., 12th Floor
> Wilmington, DE  19801

/s/ Michael P. Kelly

_____

Michael P. Kelly (DE Bar ID #2295)

ME1\5638752.1