**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT P. KEMPSKI<br>   Plaintiff<br><br>   v.<br><br>TOLL BROS. INC, A Corporation of The Commonwealth Of Pennsylvania<br><br>   Defendant<br><br>TOLL BROS. INC, A Corporation of The Commonwealth Of Pennsylvania<br><br>   Third Party Plaintiff<br>  v.<br><br>DELAWARE HEATING AND AIR CONDITIONING SERVICES, INC., A Corporation Of The State Of Delaware; JD FRAMING CONTRACTORS, INC., A Corporation Of The State Of New Jersey<br><br>   Third Party Defendants | NO. 06-252 KAJ |

**THIRD-PARTY DEFENDANT, JD FRAMING CONTRACTORS'
ANSWER TO THIRD-PARTY PLAINTIFF'S COMPLAINT WITH
<u>AFFIRMATIVE DEFENSES, COUNTER-CLAIM AND CROSSCLAIM</u>**

  Third-party Defendant, JD Framing Contractors, Inc. ("JD Framing"), by and through its undersigned counsel, hereby responds to the third-party complaint filed against it by Toll Bros., Inc. ("TBI"), as follows:

  1. Denied for lack of information. JD Framing, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny

the allegations contained in the corresponding paragraph and strict proof thereof is demanded at the time of trial, if material.

    2.    Admitted upon information and belief.

    3.    Denied for lack of information. JD Framing, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph.

    4.    Admitted.

## VENUE AND JURISDICTION

    5.    This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

    6.    This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

## The Contracts

    7.    This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied for lack of knowledge.

    8.    Admitted upon information and belief.

    9.    This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied for lack of knowledge. By way of further response, Exhibit A to the third-party complaint speaks for itself.

    10.    This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied for lack of knowledge. By way of further response, Exhibit A to the third-party complaint speaks for itself.

11. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied for lack of knowledge. By way of further response, Exhibit A to the third-party complaint speaks for itself.

12. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied for lack of knowledge.

13. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the Construction Agreement speaks for itself.

14. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the Construction Agreement speaks for itself.

15. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the Construction Agreement speaks for itself.

16. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied, except it is admitted only that JD Framing provided a copy of a Certificate of Insurance from Sirius America Insurance Company, the contents of which speak for themselves.

## The Alleged Incident

17. Denied for lack of information. JD Framing, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph.

18. Denied for lack of information. JD Framing, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph.

19. Admitted upon information and belief that Kempski filed the referenced complaint, the contents of which speak for themselves. It is specifically denied that the complaint asserts a valid cause of action.

20. Admitted upon information and belief that Kempski filed the referenced complaint, the contents of which speak for themselves. It is specifically denied that the complaint asserts a valid cause of action.

21. Admitted upon information and belief that TBI filed an answer to the complaint, the contents of which speak for themselves.

## The Dispute

22. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. Strict proof thereof is demanded at the time of trial, if material. By way of further response, JD Framing was not in control of the house at the time of the alleged incident.

23. Denied for lack of information. JD Framing, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph.

24. Denied for lack of information. JD Framing, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph.

25. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied for lack of information.

26. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied for lack of information.

27. The allegations of this paragraph are too vague to be susceptible to a response, in that the phrase "frame condition" is not defined. To the extent a response is necessary, denied.

28. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, admitted only that JD Framing was a party to a Construction Agreement, the contents of which speak for themselves, denied in all other respects.

29. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

30. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

31. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

## COUNT I

32. JD Framing incorporates herein paragraphs 1 through 31 of its Answer as though the same were set forth herein at length.

33. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

34. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

35. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

36. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

## **COUNT II**

37. JD Framing incorporates herein paragraphs 1 through 36 of its Answer as though the same were set forth herein at length.

38. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

39. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, JD Framing had vacated the location where the incident occurred before the time of the occurrence at issue and was not in control of the premises at the time of the occurrence.

40. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, at the time that JD Framing passed the house to the next subcontractor, the home was in a reasonably safe condition.

41.   This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, JD Framing had vacated the location where the incident occurred before the time of the occurrence at issue and was not in control of the premises at the time of the occurrence.

42.   This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, JD Framing had vacated the location where the incident occurred before the time of the occurrence at issue and was not in control of the premises at the time of the occurrence.

## COUNT III

43.   JD Framing incorporates herein paragraphs 1 through 42 of its Answer as though the same were set forth herein at length.

44.   The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

45.   The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

46.   The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

47.   The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

## COUNT IV

48.     JD Framing incorporates herein paragraphs 1 through 47 of its Answer as though the same were set forth herein at length.

49.     This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

50.     This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, JD Framing had vacated the location where the incident occurred before the time of the occurrence at issue and was not in control of the premises at the time of the occurrence.

51.     This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, at the time that JD Framing passed the house to the next subcontractor, the home was in a reasonably safe condition.

52.     This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

53.     This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

## COUNT V

54.     JD Framing incorporates herein paragraphs 1 through 53 of its Answer as though the same were set forth herein at length.

55.     The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

56. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

57. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

58. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

59. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

60. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

61. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

62. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

63. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

64. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

65. The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

## COUNT VI

66. JD Framing incorporates herein paragraphs 1 through 65 of its Answer as though the same were set forth herein at length.

67. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

68. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

69. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

70. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

71. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

72. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

73. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

74. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

75. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

76. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

77. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

78.     This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

79.     This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

## COUNT VII

80.     JD Framing incorporates herein paragraphs 1 through 79 of its Answer as though the same were set forth herein at length.

81.     The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

82.     The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

83.     The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

84.     The allegations contained in the corresponding paragraph are directed to other parties and not to the JD Framing and therefore no responsive pleading is required. To the extent a response is necessary, denied.

## COUNT VII

85. JD Framing incorporates herein paragraphs 1 through 84 of its Answer as though the same were set forth herein at length.

86. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied.

87. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

88. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

89. This paragraph states conclusions of law to which no response is required. To the extent a response is necessary, denied. By way of further response, the contract speaks for itself.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by its comparative negligence.

3. Plaintiff's claims are barred by its failure to mitigate damages.

4. Plaintiff's claims are barred or limited by assumption of the risk.

5. Third-Party Plaintiffs Complaint fails to set forth a legally cognizable cause of action against Third-Party Defendant, JD Framing.

6. The Construction Agreement does not identify Toll Brothers, Inc.. as a party to the Agreement.

7. This Court lacks subject matter jurisdiction over the litigation.

8. Third-Party Plaintiff's claims are barred by the Arbitration Clause in the Construction Agreement.

9. Toll Bros., Inc. is an improper Third-Party Plaintiff in this matter.

10. Plaintiff's alleged injuries were proximately caused by circumstances, events or persons over whom JD Framing had no control, no authority, nor neither right of control or authority.

11. Third-Party Plaintiffs alleged injuries were approximately caused by circumstances, events or persons over whom JD Framing had no control, no authority, nor neither right of control or authority.

12. The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and any act or omission on part of Third-Party Defendant was not the approximate cause of such alleged injuries and/or damages.

13. Third-Party Defendant did not control the premises at issue during the relevant time period.

**WHEREFORE**, JD Framing respectfully requests that the Court dismiss all claims against it and/or find in its favor, including an award of its costs and expenses incurred in connection with this action.

[The remainder of this page intentionally left blank]

**COUNTERCLAIM AGAINST TOLL BROS., INC. and CROSSCLAIM AGAINST DELAWARE HEATING AND AIR CONDITIONING SERVICE, INC.**

1. In the event there should be a judicial determination of liability against JD Framing, JD Framing is entitled to contribution and/or indemnification from TBI and Delaware Heating and Air Conditioning Services, Inc. ("DHAC") pursuant to the Delaware Uniform Contribution Among Joint Tortfeasors statute.

2. In the event that JD Framing is found liable to TBI on the Third-Party Complaint, JD Framing cross-claims against DHAC on the grounds that its negligence was the primary cause of injury and/or damages suffered by the Plaintiff and that JD Framing, if liable at all, is only secondarily liable. JD Framing is therefore entitled to indemnification and/or contribution from DHAC.

3. In the event that JD Framing is held primarily liable for Plaintiff's injuries, then the alleged wrongful act of TBI and DHAC are a contributing cause of these damages suffered by Plaintiff and JD Framing is entitled to indemnification in any amount which it may be required to pay as a result of TBI's and DHAC's negligence, based upon the relative degrees of fault determined pursuant to the provisions of the Delaware Uniform Contribution Among Joint Tortfeasors statute.

**WHEREFORE,** JD Framing demands judgment in its favor, together with attorneys' fees and costs of this action or, in the alternative: (a) that any award to Plaintiff be reduced in proportion of Plaintiff's own degree of negligence and/or (b) that TBI and DHAC be held liable to JD Framing for indemnificaton and/or contribution and/or (c) that DHAC be held liable to JD Framing for full defense and indemnification.

|  |  |
|---|---|
| **OF COUNSEL:** | **CROSS & SIMON, LLC** |
| Lawrence M. Kelly, Esquire<br>**MINTZER, SAROWITZ, ZERIS,<br>LEDVA & MEYERS**<br>1528 Walnut Street, 22nd Floor<br>Philadelphia, PA 19102<br>(215) 735-7200 | By: /s/ Erica N. Finngan .<br>Erica N. Finnegan (#3986)<br>913 N. Market St., 11th Floor<br>P.O. Box 1380<br>Wilmington, DE 19899-1380<br>(302) 777-4200 – phone<br>(302) 777-4224 – facsimile<br>efinnegan@crosslaw.com |
| Dated: June 29, 2006 | *Counsel to Third-Party Defendant<br>J.D. Framing Contractors, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2006, I caused the **THIRD-PARTY DEFENDANT, JD FRAMING CONTRACTORS' ANSWER TO THIRD-PARTY PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM and CROSSCLAIM**, to be electronically filed with the Clerk of the Court using CM/ECF and to be served upon the following in the manner indicated:

| By Hand Delivery | By Hand Delivery | By US Mail |
|---|---|---|
| Joseph J. Rhoades, Esquire<br>Allen Dale Bowers, Esquire<br>Law Office of Joseph Rhoades<br>1225 King Street<br>Suite 1200<br>Wilmington, DE 19801<br><br>*Counsel for Plaintiff*<br>*Robert P. Kempski* | Michael P. Kelly, Esquire<br>McCarter & English, LLP<br>919 N. Market Street<br>Suite 1800<br>Wilmington, DE 19801<br><br>*Counsel for Defendant and*<br>*Third-Party Plaintiff*<br>*Toll Bros., Inc.* | Delaware Heating & Air Conditioning Services, Inc.<br>c/o Corporate Agents, Inc.<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE 19808<br><br>*Third-Party Defendant* |

   /s/ Erica N. Finnegan
Erica N. Finnegan (#3986)
CROSS & SIMON, LLC
913 N. Market St., 11th Floor
P.O. Box 1380
Wilmington, DE 19899-1380
(302) 777-4200 – phone
(302) 777-4224 – facsimile
efinnegan@crosslaw.com

*Counsel to Third-Party Defendant*
*J.D. Framing Contractors, Inc.*