UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT KEMPSKI, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TOLL BROS., INC. )<br>)<br>    Defendant. )<br>_____)<br>)<br>TOLL BROS., INC. )<br>)<br>    Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>DELAWARE HEATING AND AIR )<br>CONDITIONING SERVICES, INC., and )<br>JD FRAMING CONTRACTORS, INC. )<br>)<br>    Third-Party Defendants. ) | C.A. No.: 06-252 KAJ |

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIM**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

7. Admitted.

8. Admitted.

9. Admitted.

10. It is admitted that the contract contains indemnification language. The contract is

a written document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

11. It is admitted that the contract required EHAC to procure liability insurance. The contract is a written a document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

12. Admitted.

13. Admitted.

14. The allegations contained herein are directed toward a party other than the answering Defendant and no response is required.

15. The allegations contained herein are directed toward a party other than the answering Defendant and no response is required.

16. The allegations contained herein are directed toward a party other than the answering Defendant and no response is required.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied. After reasonable investigation, answering Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein and same are deemed denied with strict proof thereof demanded at the time of trial. By way of further answer, the allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

23. It is admitted that DHAC entered into a contract to perform HVAC work in the

House. The remaining allegations contained herein are denied.

24. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

25. Admitted.

26. It is admitted that the contract contains indemnification language. The contract is a written document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

27. Denied. After reasonable investigation, answering Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein and same are deemed denied with strict proof thereof demanded at the time of trial.

28. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

29. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

30. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

31. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

## COUNT I

32. Answering Third Party Defendant incorporates paragraphs 1 through 31 above as is fully set forth herein.

33. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

34. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

35. (a)-(j)  Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

36. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

## COUNT II

37. Answering Third Party Defendant incorporates paragraphs 1 through 36 above as is fully set forth herein.

38-42. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

## COUNT III

43. Answering Third Party Defendant incorporates paragraphs 1 through 42 above as is fully set forth herein.

44. Denied. After reasonable investigation, answering Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein and same are deemed denied with strict proof thereof demanded at the time of trial.

45. Denied. After reasonable investigation, answering Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein and same are deemed denied with strict proof thereof demanded at the time of trial. By way of further answer, the allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

46. Denied. After reasonable investigation, answering Third Party Defendant is without

sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein and same are deemed denied with strict proof thereof demanded at the time of trial. By way of further answer, the allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

47. Denied. After reasonable investigation, answering Third Party Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein and same are deemed denied with strict proof thereof demanded at the time of trial. By way of further answer, the allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

## COUNT IV

48. Answering Third Party Defendant incorporates paragraphs 1 through 47 above as is fully set forth herein.

49.-53. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

## COUNT V

54. Answering Third Party Defendant incorporates paragraphs 1 through 53 above as is fully set forth herein.

55. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

56. Admitted.

57. Admitted.

58. The contract is a written a document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

59. The contract is a written a document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

60. The contract is a written a document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

61. The contract is a written a document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

62. The contract is a written a document which speaks for itself and Third Party Plaintiff's characterization thereof is specifically denied.

63. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

64. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

65. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

## COUNT VI

66. Answering Third Party Defendant incorporates paragraphs 1 through 65 above as is fully set forth herein.

67-79. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

## COUNT VII

80. Answering Third Party Defendant incorporates paragraphs 1 through 79 above as is fully set forth herein.

81. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

82. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

83. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

84. Denied. The allegations contained herein are denied as conclusions of law to which no responsive pleadings are required.

## COUNT VIII

85. Answering Third Party Defendant incorporates paragraphs 1 through 84 above as is fully set forth herein.

86-89. The allegations contained herein are directed toward a party other than the answering Third Party Defendant and no response is required.

## FIRST AFFIRMATIVE DEFENSE

90. Third Party Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

91. Plaintiffs' causes of action are barred in whole or in part by the applicable statue of limitations.

## AFFIRMATIVE DEFENSE

92. Plaintiffs' causes of action may be barred in whole or in part by the execution of a general release.

## THIRD AFFIRMATIVE DEFENSE

93. Plaintiffs' causes of action are barred in whole or in part by the assumption of a known risk and/or contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

94. Plaintiffs' causes of action are barred in whole or in part by the provisions of the Delaware Comparative Negligence Act.

## FIFTH AFFIRMATIVE DEFENSE

95. If Plaintiffs sustained the injuries as alleged in their Complaint, which is herein strictly denied, then they were caused by the acts or omissions of entities/individuals over which/whom answering Defendant had no control nor legal duty to control.

## SIXTH AFFIRMATIVE DEFENSE

96. At all times material hereto, answering Third Party Defendant acted with due care and proper care under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

97. Plaintiffs have failed to mitigate their damages.

## EIGHTH AFFIRMATIVE DEFENSE

98. If Plaintiff sustained injuries as alleged in her Complaint, which is herein strictly denied, Plaintiff's injuries were caused by a fellow servant.

## NINETH AFFIRMATIVE DEFENSE

99. Third Party Plaintiff's claims are precluded in whole or in part by the provisions of Delaware Worker's Compensation Statute.

## TENTH AFFIRMATIVE DEFENSE

100. Third Party Plaintiff's claims are precluded in whole or in part by the provisions of 6 Del. C. § 2704.

WHEREFORE, Answering Third-Party Defendant Delaware Heating and Air Conditioning requests that judgment be entered it his favor and against all other parties.

## CROSS CLAIM AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF

## JD FRAMING CONTRACTORS, INC

101. Answering Third-Party Defendant incorporates paragraphs 1-100 above as if fully set forth herein.

102. The Answering Third- Party Defendant denies that it is liable to the Third-Party Plaintiff in any respect. However, in the event that the answering Defendant is held liable to the

Plaintiff, then it cross-claims against the co-defendant, JD Framing Contractors, Inc., on the grounds that the conduct of Co-defendant, weas the primary cause of the damage sustained by the Plaintiff and that the answering Third-Party Defendant, if liable at all, is only secondarily liable. The answering Third-Party Defendant, Delaware Heating and Air Conditioning, therefore is entitled to indemnification from the Co-defendant.

103.   In the event that the answering Third-Party Defendant is held primarily liable to the Third-Party Plaintiff, then the wrongful acts of the Co-defendant, JD Framing Contractors, Inc., are contributing causes of the damages sustained by the Third-Party Plaintiff and the answering Third-Party Defendant is entitled to contribution in any amount which he may be required to pay to the Third-Party Plaintiff as a result of the Co-defendant, JD Framing Contractors, Inc.'s wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. § 6308.

WHEREFORE, Answering Third-Party Defendant Delaware Heating and Air Conditioning requests that judgment be entered it his favor and against all other parties.

**REGER RIZZO KAVULICH & DARNALL LLP**
  /s/Louis J. Rizzo, Jr., Esquire
Louis J. Rizzo, Jr., Esquire (DE ID# 3374)
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302)  652-3611
Attorney for Third-Party Defendant, Delaware Heating and Air Conditioning

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT KEMPSKI,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>TOLL BROS., INC.  )<br>  )<br>    Defendant.  )<br>_____)<br>  )<br>TOLL BROS., INC.  )<br>  )<br>    Third-Party Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DELAWARE HEATING AND AIR  )<br>CONDITIONING SERVICES, INC., and  )<br>JD FRAMING CONTRACTORS, INC.  )<br>  )<br>    Third-Party Defendants.  )  | C.A. No.: 06-252 KAJ |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 10th day of October, 2006 that two true and correct copies of the foregoing Answer to Complaint with Affirmative Defenses have been served by ECF/PACER upon the following:

Joseph J. Rhoades, Esquire
1225 King Street, Suite 1200
P.O. Box 874
Wilmington, DE 19899-0874

Erica Finnegan, Esquire
Cross & Simon LLC
913 N. Market Street, 11th Floor
Wilmington, DE 19899-1380

Michael Kelly, Esquire
McCarter & English
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899

                          **REGER RIZZO KAVULICH & DARNALL LLP**
                          /s/Louis J. Rizzo, Jr., Esquire
                        Louis J. Rizzo, Jr., Esquire (DE ID# 3374)
                        1001 Jefferson Plaza, Suite 202
                        Wilmington, DE 19801
                        (302)   652-3611
                        Attorney for Third-Party Defendant, Delaware Heating and Air Conditioning