IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| TOLL BROS., INC, a corporation of the Commonwealth of Pennsylvania, JD FRAMING CONTRACTORS, INC., a corporation of the State of New Jersey, TBS CONSTRUCTION, INC., a corporation of the State of New Jersey, | : : : : : : | C.A. No.: 06-252-KAJ |
| | : | |
|     Defendants, | : | |
| _____ | : | |
| TOLL BROS, INC., a corporation of the Commonwealth of Pennsylvania, | : : | |
| | : | |
|     Third Party Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| DELAWARE HEATING AND AIR CONDITIONING SERVICES, INC., a corporation of the State of Delaware, | : : : | |
| | : | |
|     Third Party Defendants. | : | |

## AMENDED COMPLAINT

    1.    Plaintiff is a resident of the State of Delaware, residing at 818 Woodlawn Avenue, Apartment C3, Wilmington, Delaware 19806.

    2.    Defendant Toll Bros., Inc., is a corporation of the Commonwealth of Pennsylvania. Its registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant JD Framing Contractors, Inc., is a corporation of the State of New Jersey, authorized to do business in the State of Delaware. Its principal place of business is located at 200 Delores Drive, Cinnaminson, New Jersey 08077.

4. Defendant TBS Construction, Inc., is a corporation of the State of New Jersey, authorized to do business in the State of Delaware. Its principal place of business is located at 3001 Route 130 South, Apartment #61-B, Delran, New Jersey 08075.

5. Upon information and belief, at all times pertinent hereto, defendant Toll Bros., Inc. was the owner, possessor, operator, franchisor, franchisee, lessor and/or lessee of the property located at Brandywine Hunt, Naamans Road, Wilmington, Delaware.

6. Upon information and belief, at all times pertinent hereto, defendant Toll Bros., Inc. contracted with defendant JD Framing Contractors, Inc., to perform construction work on the property in question.

7. Upon information and belief, at all times pertinent hereto, defendant JD Framing Contractors, Inc. subcontracted with defendant TBS Construction, Inc., to perform construction work on the property in question, including but not limited to building, assembling, and/or constructing framing on the house on the property in question.

8. On or about August 25, 2005, at approximately 12:00 p.m., plaintiff Robert P. Kempski was lawfully working as a heating and air conditioning installer for Delaware Heating and Air Conditioning within a stick structure of a new home located at Lot 87 of the Brandywine Hunt home construction site where defendants were performing construction activities. At all times pertinent hereto, plaintiff was a worker, invitee, business visitor and/or person lawfully on the aforementioned premises. Plaintiff was installing duct work in the attic of the home when

suddenly and without warning, the floor board on which he was standing gave way, causing him to fall from the attic to the first floor level of the home.

   9. As a direct and proximate result of the aforementioned incident, plaintiff suffered severe bodily injuries, including, but not limited to, injuries to his head, shoulders, arms, and hands. Some or all of his injuries have continued since the accident and are permanent in nature.

   10. As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future, medical and medication expenses for the treatment of his injuries.

   11. As a further consequence of his injuries, plaintiff has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

   12. As a further consequence of his injuries, plaintiff has incurred in the past and will continue to incur in the future a loss of earnings and a permanent loss of earning capacity.

   13. Defendants, working on and in control of the premises and area in question, owed a duty to the employees, workers, invitees, business visitors and/or persons lawfully on the premises, including plaintiff, to maintain the property in a reasonable and safe condition, free of defects and hazards which would render it unsafe for persons lawfully on the premises. Defendants breached that duty.

   14. The incident and the plaintiff's resulting injuries and damages were proximately caused by the negligence of defendants in that it, through their agents, servants and/or employees:

(a) failed to properly inspect the construction area to insure that it was safe to work in when they knew or in the exercise of reasonable care should have known that plaintiff and other workers like him intended to work in the area in question;

(b) failed to properly secure the floor board or see that it was secured when they knew or should have known that the plaintiff and other workers like him intended to work in the area in question;

(c) failed to employ appropriate safety techniques in setting up the work and allowing it to take place in the construction area when they knew or should have known that plaintiff and other workers like him intended to work in the area in question;

(d) required and/or permitted their employees, agents, contractors, and/or subcontractors to work in improper, unsafe, and dangerous construction conditions when defendants knew or should have known of the likelihood that employees, workers, invitees, business visitors and/or persons lawfully on the premises would be injured by the condition of the area in question and when defendants had a right to control the actions of its employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(e) required and/or permitted their employees, agents, contractors and/or subcontractors to fail to comply with appropriate safety regulations and procedures when defendants had the right to control the actions of their employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(f) did not observe the failure of their employees, agents, contractors, and/or subcontractors to use proper and safe materials when defendants knew, or in the exercise of reasonable care, should have discovered and should have realized that the condition of the area in question involved an unreasonable risk of harm to the persons lawfully on the premises and should

have expected that these individuals would not discover or realize the danger or would fail to protect themselves against the danger when defendants had the right to control the actions of their employees, agents, contractors and/or subcontractors;

(g) did not observe the failure of their employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendants had the right to control the actions of their employees, agents, contractors and/or subcontractors;

(h) did not prevent the failure of their employees, agents, contractors and/or subcontractors from working in improper, unsafe, and dangerous construction conditions when defendants had the right to control the actions of their employees, workers, invitees, business visitors and/or persons lawfully on the premises;

(i) did not prevent the failure of their employees, agents, contractors and/or subcontractors to comply with appropriate safety regulations and procedures when defendants had a right to control the actions of their employees, agents, contractors and/or subcontractors;

(j) permitted improperly attached floor boards to remain in the home construction site on Lot 87 of Brandywine Hunt thereby creating a dangerous, defective and hazardous condition;

(k) failed to properly and adequately notify their employees, agents, contractors and/or subcontractors that the floor boards had not been properly and adequately installed in the construction area in question;

(l) failed to adequately warn or otherwise inform their employees, agents, contractors and/or subcontractors that the improperly installed floor boards posed a dangerous and unsafe condition, having actual or constructive knowledge thereof;

(m) failed to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the area in question;

(n) carelessly performed their contractual duties by causing the improper installation of the floor boards of the Lot 87 home construction project, thereby causing a dangerous, defective, and hazardous condition within the house;

(o) failed to properly train, supervise or hire sufficient personnel to properly inspect, maintain, construct, and/or alter, the assembly of floor boards and/or other equipment in the area in question so as to maintain the work area in a condition free of defects and reasonably safe for use by individuals, such as plaintiff;

(p) utilized improper materials and equipment during the assembly, construction, and/or installation of floor boards and/or other materials so as to cause or increase the risk that it would be unstable and/or break; and,

(q) failed to use due care to provide plaintiff with a safe working environment.

15. Defendants knew or should have known at the time of the aforementioned incident that the work which was to be done and/or performed normally and inherently involved special dangers to others including the employees of Delaware Heating and Air Conditioning one of whom was plaintiff, unless reasonable precautions were taken against such dangers. Defendants were negligent in failing to take such reasonable precautions. Their negligence was the proximate cause of plaintiff's injuries and damages

16. The aforementioned negligence of the defendants also constituted negligence <u>per se</u>, said negligence constituting non-compliance on the part of the defendants with pertinent safety and construction statutes, regulations and procedures.

17. Defendants are also responsible for plaintiff's damages under the doctrine of <u>Res Ipsa Loquitur</u>.

WHEREFORE, plaintiff demands judgment against defendants for his special and general damages, including pain and suffering, the costs of this action plus pre and post judgment interest and other such relief as the Court finds just.

    /s/ Joseph J. Rhoades
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King Street, 12 Flr.
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: October 20, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT P. KEMPSKI, | : |
| | : |
| Plaintiff, | : |
| | : |
| TOLL BROS., INC, a corporation of the Commonwealth of Pennsylvania, <u>JD FRAMING CONTRACTORS, INC.</u>, a corporation of the State of New Jersey, TBS CONSTRUCTION, INC., a corporation of the State of New Jersey, | : C.A. No.: 06-252-KAJ |
| TOLL BROS, INC., a corporation of the Commonwealth of Pennsylvania, | : |
| Third Party Plaintiff, | : |
| v. | : |
| DELAWARE HEATING AND AIR CONDITIONING SERVICES, INC., a corporation of the State of Delaware, JD FRAMING CONTRACTORS, INC., a corporation of the State of New Jersey, | : |
| Third Party Defendants. | : |

**FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS**

<u>Definitions</u>

As Used in these Interrogatories with regard to a person, corporation or other such entity, the word "identify" means state the name, present or last known home address and telephone number and present or last known business address and telephone number of the person, corporation or entity. As used with regard to a document, photograph or other tangible object, it means give a description of the document, photograph or object and state its subject matter, the names and addresses of the persons who prepared or obtained it and the persons who directed that it be

prepared or obtained, the date on which it was prepared or obtained, and the name and address of the person having custody of it.

## INTERROGATORIES

1. Identify each person who has knowledge of the facts alleged in the pleadings (including facts supporting denials set forth in the Answer), stating for each person identified the number or numbers of the paragraph or paragraphs of the Complaint or Answer referring to facts of which the person has knowledge.

    A.

2. Identify each person who has been interviewed on your behalf and state for each person the date of the interview and the identity of each person who has a resume of the interview.

    A.

3. Identify all persons from whom statements have been procured in regard to the facts alleged in the pleadings and give the date of each statement.

    A.

4. With regard to any statement made by plaintiffs or any agent of plaintiffs, whether oral or written, which you contend constitutes an admission and upon which you may rely at trial, please give a complete recitation thereof, state the date and place of its making and identify the person or persons who made it and who were present when it was made or written.

    A.

5. Identify all persons who were present at the scene of the accident at any time within thirty minutes after it occurred, noting specifically those who were eyewitnesses.

    A.

6. Identify each report, memorandum or resume prepared by you or any one acting on your behalf including, but not necessarily limited to, any investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the pleadings.

   A.

7. Identify each sketch, diagram, plat, photograph or motion picture or other representation which has been made or taken in regard to any fact alleged in the pleadings.

   A.

8. State in narrative form how the subject accident occurred.

   A.

9. Identify each memorandum, letter, invoice, manifest, contract, log, record or other writing which pertains in any way to any of the facts alleged or referred to in the pleadings, or upon which you will rely at trial.

   A.

10. Identify each object which relates in any way to any of the facts alleged in the Complaint or Answer, or which you intend to offer in evidence at trial.

    A.

11. If the accident was reported to a police or any other governmental authority, identify the police department or other governmental authority.

    A.

12. If any person, corporation or other entity was charged with a violation of any law, statute or regulation as a result of this accident, state the name and address of the person or entity charged, the nature of the charge, the statute or regulation citation, and the plea which was entered.

    A.

13. If you claim that the plaintiffs violated any statute not listed in the Answer, designate the statute and state in what manner it was violated.

  A.

14. Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and state for each such person the dates of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

  A.

15. Please identify each expert you expect to call to testify as a witness at trial and state for each such expert (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify, (iii) the substance of the facts and opinions to which the expert is expected to testify and (iv) the summary of the grounds for each such opinion.

  A.

16. Give a brief description of any liability insurance policy, including any excess insurance policy, which you had in effect or the date of the accident which is the subject of this litigation, stating the name and address of all companies providing the insurance and the amounts of coverage.

  A.

17. If a defendant, or any one acting on behalf of a defendant, has had any contact with plaintiffs or anyone else concerning a plaintiffs, such as interviewing such plaintiffs or any person who knows such plaintiffs, investigating such plaintiffs or performing surveillance on such plaintiffs, describe in detail each individual contact, identifying the person who made the contact and each document which refers to the contact or directs that the contact be made.

  A.

18. As to any accidents of any kind which involved the plaintiffs prior to or subject to the accident which is the subject of this action, state the date and place of the accident.

    A.

                    /s/ Joseph J. Rhoades
                    Joseph J. Rhoades, Esquire (ID No. 2064)
                    A. Dale Bowers, Esquire (ID No. 3932)
                    1225 King St., 12th Flr.
                    Wilmington, DE  19801
                    302-427-9500
                    Attorneys for Plaintiff(s)

DATE: October 18, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT P. KEMPSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| TOLL BROS., INC, a corporation of the Commonwealth of Pennsylvania, <u>JD</u> FRAMING CONTRACTORS, INC., a corporation of the State of New Jersey, TBS CONSTRUCTION, INC., a corporation of the State of New Jersey, | : : : : : : : | C.A. No.: 06-252-KAJ |
| _____ | : | |
| TOLL BROS, INC., a corporation of the Commonwealth of Pennsylvania, | : : | |
| | : | |
| Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE HEATING AND AIR CONDITIONING SERVICES, INC., a corporation of the State of Delaware, JD FRAMING CONTRACTORS, INC., a corporation of the State of New Jersey, | : : : : : | |
| | : | |
| Third Party Defendants. | : | |

## FIRST REQUEST FOR PRODUCTION DIRECTED TO DEFENDANTS

The plaintiffs request defendants to produce for examination and copying at the office of the undersigned counsel within thirty (30) days of service of this Request for Production, the following:

    1. Copies of all photographs, sketches, diagrams, or other drawings in you possession or available to you made in connection with the matter in litigation.

        A.

    2. Copies of all records or reports of investigation, findings of fact, or observation of facts or circumstances made in connection with the matter in litigation.

A.

3. Copies of all written or recorded statements, descriptions of statements, summaries of statements or records of statements taken in connection with the mater in litigation.

A.

4. Copies of any reports by any person qualifying as an expert containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

A.

5. Copies of all writings, notes, memoranda, data or tangible things which relate to the matter in litigation.

A.

6. Insofar as any insurer has records, reports or the like which are available to the defendant upon request, then copies of such records and reports.

A.

7. Copies of all vouchers, canceled checks, bills, invoices, ledgers, tapes, financial records or statements of any kind relative to items of damages being claimed by the plaintiffs herein or which relate to the matter in litigation.

A.

8. All exhibits that you intend to introduce at trial or use in cross-examination or rebuttal.

A.

9. All treatise or test authority upon which you intend to rely at trial or which you will use in examining or cross-examining any witness at trial.

A.

10. To the extent not covered in Paragraphs 1 - 9 above, all objects, writings, reports, statements, interviews, resumes of interviews, diagrams, photographs, motion pictures, recordings and any other documents and memoranda identified in Defendant's Answers to Plaintiffs' Interrogatories.

A.

    /s/ Joseph J. Rhoades
Joseph J. Rhoades, Esquire (ID No. 2064)
A. Dale Bowers, Esquire (ID No. 3932)
1225 King St., 12th Flr.
Wilmington, DE  19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: October 18, 2006

**CERTIFICATE OF SERVICE**

      I, Ayesha Chacko, law clerk, hereby certify that on this 18th day of October, 2006, I caused two true and correct copies of an Amended Complaint be delivered to the following address by U.S. Mail:

| | |
|---|---|
| Michael P. Kelly, Esquire<br>Andrew Dupre, Esquire<br>McCarter & English<br>919 North Market Street, St. 1800<br>P.O. Box 111<br>Wilmington, DE 19899 | Louis J. Rizzo, Jr., Esquire<br>Reger, Rizzo, Kavulich & Darnall LLP<br>1001 Jefferson Plaza, Suite 202<br>Wilmington, DE 19801 |
| Erica N. Finnegan, Esquire<br>Cross & Simon, LLC<br>913 N. Market Street, 11th Floor<br>P.O. Box 1380<br>Wilmington, DE 19899-1380 | Jeff Sotland, Esquire<br>Bob Phillips, Esquire<br>Mintzer, Sarowitz, Zeris, Ledva & Meyers<br>1528 Walnut Street, 22nd Floor<br>Philadelphia, PA 19102 |

                                                    /s/ Ayesha Chacko
                                                  Ayesha Chacko