IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT P. KEMPSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-252 (KAJ) |
| ) | |
| TOLL BROS., INC., a corporation of ) | |
| the Commonwealth of Pennsylvania, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| TOLL BROS., INC., a corporation of ) | |
| the Commonwealth of Pennsylvania, ) | |
| ) | |
| Third Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| DELAWARE HEATING AND AIR ) | |
| CONDITIONING SERVICES, INC., a corporation ) | |
| of the State of Delaware, and ) | |
| JD FRAMING CONTRACTORS, INC., a ) | |
| corporation of the State of New Jersey, ) | |
| ) | |
| Third Party Defendants ) | |

**DEFENDANT TOLL BROS., INC'S
ANSWER TO AMENDED COMPLAINT
WITH CROSSCLAIMS**

Defendant Toll Bros., Inc. ("Toll Bros.") answers the Amended Complaint ("Complaint")

of Robert P. Kempski, filed October 18, 2006, according to its numbered paragraphs, as follows:

1.  Toll Bros. lacks sufficient information to admit or deny Paragraph 1 of the

Complaint, and therefore denies same.

2. Admitted that Toll Bros. is a Pennsylvania corporation. As for the remaining allegations of Paragraph 2, counsel have stipulated that service shall be made on Toll Bros.' counsel of record.

3. Toll Bros. lacks sufficient information to admit or deny Paragraph 3 of the Complaint, and therefore denies same.

4. Toll Bros. lacks sufficient information to admit or deny Paragraph 4 of the Complaint, and therefore denies same.

5. Denied.

6. Paragraph 6 of the Complaint is vague, incomplete, and states legal conclusions to which no response is required. To the extent Paragraph 6 of the Complaint states factual allegations, Toll Bros. lacks sufficient information to admit or deny Paragraph 6 of the Complaint, and therefore denies same. Toll Bros. admits that it had a contract with JD Framing regarding the subject property.

7. Toll Bros. lacks sufficient information to admit or deny Paragraph 7 of the Complaint, and therefore denies same.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 8 of the Complaint states factual allegations, Toll Bros. lacks sufficient information to admit or deny Paragraph 8 of the Complaint, and therefore denies same. Toll Bros. specifically denies that it caused Plaintiff any injury.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 9 of the Complaint states factual allegations, Toll Bros. lacks sufficient information to admit or deny Paragraph 9 of the Complaint, and therefore denies same. Toll Bros. specifically denies that it caused Plaintiff any injury.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 10 of the Complaint states factual allegations, Toll Bros. lacks sufficient information to admit or deny Paragraph 10 of the Complaint, and therefore denies same. Toll Bros. specifically denies that it caused Plaintiff any injury.

11. Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 11 of the Complaint states factual allegations, Toll Bros. lacks sufficient information to admit or deny Paragraph 11 of the Complaint, and therefore denies same. Toll Bros. specifically denies that it caused Plaintiff any injury.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 12 of the Complaint states factual allegations, Toll Bros. lacks sufficient information to admit or deny Paragraph 12 of the Complaint, and therefore denies same. Toll Bros. specifically denies that it caused Plaintiff any injury.

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 13 of the Complaint states factual allegations, it is denied.

14. Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 14 of the Complaint states factual allegations, it is denied as to each and every subpart.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 15 of the Complaint states factual allegations, it is denied.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent Paragraph 16 of the Complaint states factual allegations, it is denied.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent that Paragraph 17 states factual allegations, it is denied.

5959457v1

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by his own contributory or comparative negligence.

2. Plaintiff's alleged injuries were proximately caused by circumstances, events, or persons over whom Toll Bros. had no authority or control and for which Toll Bros. is not answerable in damages to Plaintiff.

3. The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause, and any act or omission on the part of Toll Bros. was not the proximate cause of such alleged injuries and damages.

4. To the extent Plaintiff's alleged injuries were caused by the acts or omissions of persons or entities over whom Toll Bros. has no dominion, authority or control, Toll Bros. is entitled to have its liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities.

5. At all relevant times hereto, the knowledge of other persons and entities, and the ability of such other persons and entities to take actions to prevent the injuries complained of were superior to that of Toll Bros. and, therefore, if there were a duty to warn Plaintiff, the duty was owed by those other persons and entities and not by Toll Bros.

6. Toll Bros. did not control the premises at issue during the relevant time period.

7. The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Toll Bros.

8. The Complaint fails to state a claim on which relief may be granted.

9. To the extent Toll Bros. is found liable, it is entitled to indemnification and/or contribution from other parties including subcontractors and their insurers.

5959457v1

10. Plaintiff's Complaint fails for failure to name indispensable parties.

## DENIAL OF CROSSCLAIMS

1. Toll Bros. denies all past, present and future crossclaims.

## CROSSCLAIMS AND THIRD PARTY CLAIMS AGAINST TBS CONSTRUCTION, INC., JD FRAMING AND DHAC

1. Toll Bros. previously filed Third-Party Complaints against now co-defendant JD Framing Contractors, Inc. ("JD Framing") and third-party defendant Delaware Heating And Air Conditioning Services, Inc. ("DHAC"). Toll Bros. maintains its claims against those parties. The realignment of parties that prompted the Complaint and this Answer does not affect Toll Bros.' claims against JD Framing and DHAC in any way. As a result of Plaintiff's restructuring of the case, Toll Bros.' claims against JD Framing are now crossclaims against a first party defendant. Toll Bros.' claims against DHAC remain a third party claim.

2. Toll Bros. denies any and all liability to Plaintiff in this action. However, in the event that Toll Bros. may be found liable to Plaintiff, then Toll Bros. crossclaims against Defendant TBS Construction, Inc. on the grounds that TBS Construction, Inc.'s negligence was a cause of injury and/or damages suffered by Plaintiff and that Toll Bros., if liable at all, is only secondarily liable. Toll Bros. is therefore entitled to indemnification from TBS Construction, Inc.

3. Toll Bros. denies any and all liability to Plaintiff in this action. However, in the event that Toll Bros. may be found liable to Plaintiff, then Toll Bros. is entitled to indemnity and/or contribution from TBS Construction, Inc. Toll Bros. requests that there be a pro-rata determination of liability among all defendants in accordance with the Delaware Uniform Contribution Among Joint Tortfeasors Statute 10 Del. C. §6301 et. seq.

4. In the event that Toll Bros. is held liable to Plaintiff, then TBS Construction, Inc.'s wrongful acts are a contributing cause of any damages suffered by Plaintiff and Toll Bros. is entitled to indemnification in any amount that it may be required to pay Plaintiff as a result of TBS Construction, Inc.'s conduct, based upon relative degrees of fault assigned pursuant to 10 Del. C. §6301 et. seq.

**WHEREFORE**, Toll Bros. hereby requests judgment in its favor against all Defendants for damages including attorney's fees, costs, litigation expenses, and any judgment rendered against it in this matter.

Toll Bros. further requests judgment in its favor and against Plaintiff, together with attorney's fees and costs of this action.

          **McCARTER & ENGLISH, LLP**

          /s/ Michael P. Kelly
By:_____
          Michael P. Kelly (DE Bar ID #2295)
          Andrew S. Dupre (DE Bar ID #4621)
          919 N. Market Street, St. 1800
          Wilmington, DE  19801
          (302) 984-6300

          Attorneys for Defendant
          Toll Bros., Inc.

Dated: December 4, 2006

5959457v1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on the 4th day of December, 2006 via e-file on the following counsel of record:

> Joseph J. Rhoades, Esquire
> A. Dale Bower, Esquire
> 1225 King St., 12th Floor
> Wilmington, DE 19801

/s/ Michael P. Kelly
_____
Michael P. Kelly (DE Bar ID #2295)

ME1\5959457.1