IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT P. KEMPSKI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-252-MPT |
| TOLL BROS., INC., et al., | : |
| Defendants. | : |
| TOLL BROS., INC., | : |
| Third-Party Plaintiff, | : |
| v. | : |
| DELAWARE HEATING AND AIR CONDITIONING SERVICES, INC., a corporation of the State of Delaware, | : |
| Third-Party Defendant. | : |

**MEMORANDUM OPINION**

Michael P. Kelly, Esq., David A. White, Esq., Matthew J. Rifino, Esq., McCarter & English, LLP, Renaissance Center, 405 N. King Street, 8th Floor, Wilmington, DE 19801
Attorneys for Defendant/Third-Party Plaintiff Toll Bros., Inc.

Louis J. Rizzo, Jr., Esq., Reger Rizzo Kavulich & Darnall LLP, 1001 Jefferson Plaza, Suite 202, Wilmington, DE 19801
Attorney for Third-Party Defendant Delaware Heating and Air Conditioning Services Inc.

Dated: November 24, 2008

Wilmington, DE

Thynge, U.S. Magistrate Judge

**Introduction**

Toll Brothers, Inc. ("Toll") has filed a motion for reargument of the court's October 21, 2008 memorandum opinion and order granting in part Delaware Heating and Air Conditioning Service, Inc.'s ("DHAC") motion for summary judgment and denying in part Toll's cross motion for summary judgment. Toll argues that: (1) Pennsylvania law, and not Delaware law, should apply to the interpretation of the agreement between Toll and DHAC ("Agreement"); and (2) even if Delaware law applies, DHAC must indemnify Toll for claims arising out of the performance, existence or condition of the Agreement.

**Standard for Reargument**

A court may alter or amend its judgment if the party seeking reargument can show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[1] The rules governing motions for reargument under Local Rule 7.1.5 are as follows:

> 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) 'where the Court has patently misunderstood a party,' b) '[where the

---

[1] *Max's Seafood Café ex. Rel. Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

2

> Court] has made a decision outside the adversarial issues presented to the Court by the parties,' or c) '[where the Court] has made an error not of reasoning but of apprehension[;]' and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters not previously obtainable have been discovered since the issue was submitted to the Court[.]'[2]

The court finds that Toll has failed to meet these standards.

**Choice of Law**

While "Delaware courts will recognize a choice of law provision if the jurisdiction selected bears some material relationship to the transaction,"[3] Delaware courts will not recognize choice of law provisions where the law of the foreign jurisdiction is used "to interpret a contract provision in a manner repugnant to the public policy of Delaware."[4] In the instant matter, interpreting the indemnification provision under Pennsylvania law would be repugnant to 6 *Del. C.* § 2704(a), which expressly voids any "contractual provision requiring one party to indemnify another party for the second party's own negligence."[5] Thus, Delaware law governs the indemnification provision.

**Duty to Indemnify**

Under Delaware law, when an agreement contains a severability provision,

---

[2] *Lechliter v. Dept. of Defense*, No. Civ.A. 03-1016-KAJ, 2005 WL 3654213 at *1 (D. Del. Aug. 24, 2005) (quoting *Schering Corp. v. Amgen, Inc.*, 25 F. Supp.2d 293, 295 (D. Del. 1998)) (citations omitted) (alterations in original)).

[3] *Annan v. Washington Trust Co.*, 559 A.2d 1289, 1293 (Del. 1989).

[4] *J.S. Alberici Constr. Co., Inc. v. Mid-West Conveyor Co., Inc.*, 750 A.2d 518, 520 (Del. 2000).

[5] *Id.* at 521.

§ 2704(a) invalidates only the parts of the agreement which indemnify a party against that party's own conduct.[6] The remaining contractual language is still enforceable.[7] Toll argues that when certain language is removed from Article 3 pursuant to § 2704(a), DHAC's duty to indemnify Toll for DHAC's negligence still remains and should be enforced. The court disagrees.

Even when written as Toll suggests in its motion for reargument, Article 3 still requires DHAC to indemnify Toll for Toll's negligence.[8] The contractual language places no limit on DHAC's duty to indemnify Toll. The court reiterates that it cannot and will not rewrite the language of the Agreement to limit DHAC's duty to indemnify for claims arising out of its negligence, or the negligence of those entities for which DHAC may and can be responsible. No such limiting language originally existed in the indemnification clause.

In sum, Toll has failed to meet the standard for a motion for reargument. The court finds that Delaware law applies to the interpretation of the contract, and the indemnification provision is void pursuant to 6 *Del. C.* § 2704(a). Toll's motion for

---

[6] *Handler Corp. v. State Drywall Co., Inc.*, No. 05C-06-012 MMJ, 2207 WL 3112466 at *3 (Del. Super. Ct. Sept. 27, 2007).

[7] *Id.*

[8] Toll suggests that Article 3 should read as follows: "[DHAC] shall indemnify, defend and hold harmless Toll and all of its agents and employees from and against claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance, existence or condition of the Work under the Contract Documents, or upon any statutory duty or obligation." That further proposed redraft still requires DHAC to indemnify Toll for claims arising from *Toll's* conduct under the contract, and thus remains void.

4

reargument is denied.